Lahna BARNES, Plaintiff-Appellant,

v.

A.H. ROBINS COMPANY, INC.,
Defendant-Appellee.

Sharron NEUHAUSER,
Plaintiff-Appellant,

v.

A.H. ROBINS COMPANY, INC.,
Defendant-Appellee.

No. 784S265.

Supreme Court of Indiana.

April 1, 1985.

Ronald D. Harris, Robert E. Harris, Jeffersonville, Mary Beth Ramey, Ramey and Hailey, Indianapolis, for plaintiff-appellant.

Ralph A. Cohen, Mary Nold Larimore, Ice Miller Donadio & Ryan, Indianapolis, for defendant-appellee.

PIVARNIK, Justice.

This cause comes to us on a certification of a question of state law from the United States Seventh Circuit Court of Appeals. This Court has jurisdiction to answer said certified question pursuant to Ind.R.App.P. 15(O). Two causes now before the Seventh Circuit, on appeal from the District Court for the Southern District of Indiana, are consolidated for purposes of this Certification because they present similar circumstances against the same defendant, A.H. Robins Co., Inc.

Lahna Barnes sued the defendant A.H. Robins Co., Inc., in the Federal District Court on August 21, 1981, for personal injuries allegedly resulting from her use of Robins' product, the Dalkon shield intrauterine device. An intrauterine device is a medical device inserted into the uterus of a woman for the sole purpose of contraception. Barnes alleged Robins was liable on the grounds of negligence and strict liability.

Barnes had a Dalkon shield inserted on July 18, 1972. On July 31, 1972, pelvic inflammatory disease was diagnosed. The Dalkon shield was removed on September 18, 1972, and thereafter Barnes experienced chronic infections, abnormal discharges, and abnormal menstruation. Abnormal "Pap" smear results necessitated the performance of dilation and curettage operations in May, 1977 and May, 1979. On April 19, 1981, Barnes viewed the television program *60 Minutes* which allegedly reported the dangers and defective nature of the Dalkon shield, the injuries the product had caused, and the active concealment of said fact by Robins. Barnes filed her complaint on August 21, 1981.

Sharon Neuhauser had a Dalkon Shield inserted on May 19, 1972. She became pregnant in January, 1974, and suffered a

miscarriage in June, 1974, during which she expelled the Dalkon shield. During the pregnancy her physician advised her that it would be possible for her to deliver a child with a Dalkon shield in her uterus, but it was highly likely a miscarriage would result. Her physician also advised her that attempts to remove the Dalkon shield would likely cause a miscarriage. Subsequently, in August, 1975, cervical cancer was diagnosed. From 1975 to June 15, 1978, Neuhauser underwent a series of operations which included a hysterectomy and, ultimately, the removal of her Fallopian tubes and ovaries. Neuhauser was informed by her parents of the contents of the April 19, 1981, *60 Minutes* program. She filed her complaint on August 6, 1981.

In both causes the Federal District Courts granted summary judgment in favor of Defendant Robins on the ground that plaintiffs' actions are barred by the Indiana two-year statute of limitations applicable to personal injury suits, Ind.Code § 34–1–2–2 (Burns Supp.1984). The trial courts rejected plaintiffs' contentions that their causes of action did not accrue until they discovered the causal connection between their injuries and the Dalkon shield.

The Seventh Circuit Court of Appeals found that the question of whether these actions are time barred by the statute is controlled by the law of the State of Indiana, and further found that there were no clear controlling precedents in the decisions of the Supreme Court of Indiana to answer the precise question presented. Accordingly, the Seventh Circuit found this to be an appropriate question to be certified to this Court pursuant to Ind.R.App.P. 15(*O* ).

The Seventh Circuit Court of Appeals accordingly certified the following question to this Court:

"When does a cause of action accrue within the meaning of the Indiana Statute of Limitations for personal injury accidents, Ind.Code § 34–1–2–2, and the Indiana Statute of Limitations for Products Liability actions Ind.Code § 33–1–1.-5–5, when the injury to the plaintiff is caused by a disease which may have

been contracted as a result of protracted exposure to a foreign substance?"

Ind.Code § 34–1–2–2 (Burns Supp.1984) provides that an action shall be commenced within two years after the cause of action has accrued for injuries to the person or character, for injuries to personal property, and for forfeiture of penalty given by statute. Ind.Code § 33–1–1.5–5 [§ 34–4–20A–5 (Burns Supp.1984) ] provides:

"... any product liability action in which the theory of liability is negligence or strict liability in tort must be commenced within two [2] years after the cause of action accrues or within ten [10] years after the delivery of the product to the initial user or consumer; except that, if the cause of action accrues more than eight [8] years but not more than ten [10] years after that initial delivery, the action may be commenced at any time within two [2] years after the cause of action accrues."

This Court held in *Dague v. Piper Aircraft Corporation,* (1981) 275 Ind. 520, 418 N.E.2d 207, *reh. denied,* that this section prohibits the bringing of any products liability action sounding in tort after ten years from the date of delivery of the product to the initial user or consumer except if the action accrued between eight and ten years. It is clear this Court has the authority and responsibility to interpret the intentions of the legislature by deciding when a cause of action accrues. Although the problem has been somewhat troublesome to the courts, it is becoming increasingly difficult to apply because of the technological developments in our society. Large numbers of new chemicals and products are being introduced into our economy and workplace that have resulted in a growing number of diseases and injuries that oftentimes do not manifest themselves until long after exposure ends. In some cases damage does not follow the negligent act of introducing the product or drug into the body for a period of years. In other cases the damage, in the form of progressive disease or injury, is not apparent to the extent that it can be ascertained until

long after the two year statute has run. Many jurisdictions have responded to the problems presented by this type of case by adopting a "discovery rule." The discovery rule provides that the statute of limitations in this type of cause runs from the date the negligence was or should have been discovered. The rule is based on the reasoning that it is inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists. In the typical tort claim, injury occurs at the time the negligent act is done and the claimant is either aware of the injury, or at least the cause of the injury, and is put on notice to determine the extent of that injury. The claimant, therefore, has the whole statutory time provided for in the limitations statutes to make his determinations and bring his cause of action. The problem comes about when the act, seemingly innocent, causes changes so subtle and latent that they are not discoverable to the plaintiff until they manifest themselves many years later.

Although the rule in Indiana has been generally understood to be that a cause of action accrues when the resultant damage of a negligent act is ascertainable or by due diligence could be ascertained, the question still remained as to how ascertainable a particular injury was and what standard would be applied as to what is reasonably ascertainable. The most notable case is that of the *Board of Commissioners of Wabash County v. Pearson,* (1889) 120 Ind. 426, 22 N.E. 134. In that case a bridge was constructed in 1871 and was used without mishap until 1884. In 1884, Pearson was crossing the bridge when it collapsed, causing him injury. This Court held the statute of limitations did not commence to run until the right of action accrued, which was when Pearson was injured by the collapse of the bridge notwithstanding the fact that the negligence had occurred some thirteen years earlier. There would be no point in recounting all of the cases considered by this Court and the Court of Appeals involving this ques-

tion except to note that the key to the solution in all of them was the ascertainability of the damage within the statutory time. *Shideler v. Dwyer,* (1981) 275 Ind. 270, 417 N.E.2d 281; *Wojcik v. Almase,* (1983) Ind.App., 451 N.E.2d 336, *trans. denied; Babson Bros. Co. v. Tipstar Corp.,* (1983) Ind.App., 446 N.E.2d 11, *trans. denied; Monsanto Co. v. Miller,* (1983) Ind. App., 455 N.E.2d 392; *Scates v. State,* (1978) 178 Ind.App., 624, 383 N.E.2d 491.

When the Legislature has made its intentions clear as to a statutory period of limitations, we have been guided by those intentions and applied them in our determinations. *Richard D. Bunker v. National Gypsum Co.,* (1982) Ind., 441 N.E.2d 8; *Dague, supra.* In *Bunker* it was determined that the Legislature had provided that in a disability benefit action under the Indiana Occupational Diseases Act the action had to be commenced within three years of the date of an employee's last job-related exposure to be compensable. We found therein the Legislature has the sole duty and responsibility to determine what constitutes a reasonable time for bringing an action, unless the period allowed is so manifestly insufficient that it represents denial of justice. Notably the Legislature did provide in the Occupational Diseases Act, Ind.Code § 22–3–7–9(e) (Burns 1974) as follows:

"... that in all cases of occupational disease caused by the exposure to radiation, no compensation shall be payable unless disablement, as herein defined, occurs within two [2] years from the date on which the employee had knowledge of the nature of his occupational disease or, by exercise of reasonable diligence, should have known of the existence of such disease and its causal relationship to his employment."

The Legislature did recognize the need for a discovery type remedy in the case of exposure to radiation, although they did not apply it to other substances. As we have indicated, in the case of a tort of the nature contemplated by the certified question the Legislature provided for action to

be brought within two years after the cause accrues, leaving the courts to determine when the cause accrues.

Increasing numbers of jurisdictions are adopting some form of a discovery rule. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* (1971) 6 Cal.3d 176, 98 Cal.Rptr. 837, 491 P.2d 421; *Edwards v. Ford,* (1973) Fla., 279 So.2d 851; *Kohler and First National Bank of Decatur v. Woollen, Brown, & Hawkins,* (1973) 15 Ill.App.3d 455, 304 N.E.2d 677; *Cameron v. Montgomery,* (1975) Iowa, 225 N.W.2d 154; *Tuttle v. Schlater,* (1972) La.App., 270 So.2d 196; *Mumford v. Staton, Whaley, & Price,* (1969) 254 Md. 697, 255 A.2d 359; *Hendrickson v. Sears,* (1974) 365 Mass. 83, 310 N.E.2d 131; *Sorenson v. Pavlikowski,* (1978) 94 Nev. 440, 581 P.2d 851; *McKee v. Riordan,* (1976) 116 N.H. 729, 366 A.2d 472; *Jaramillo v. Hood,* (1979) 93 N.M. 433, 601 P.2d 66; *Niedermeyer v. Dusenbery,* (1976) 275 Or. 83, 549 P.2d 1111; *Peters v. Simmons,* (1976) 87 Wash.2d 400, 552 P.2d 1053; *Family Savings & Loan, Inc., v. Ciccarello,* (1974) 157 W.Va. 983, 207 S.E.2d 157; *Hansen v. A.H. Robins, Inc.,* (1983) 113 Wis.2d 550, 335 N.W.2d 578.

In *Hansen, supra,* the Seventh Circuit Court of Appeals certified the same question before us to the Wisconsin Supreme Court presenting virtually the same problem presented by the two plaintiffs in the instant causes and involving the same defendant. The Supreme Court of Wisconsin responded by adopting a discovery rule in all tort cases. Indiana has not been squarely faced with this issue. The most recent case in which the subject was discussed is *Shideler v. Dwyer, supra,* (Givan and Pivarnik dissenting). Shideler was an attorney malpractice cause concerning a faulty bequest in a will. The majority held the statute began to run at the date of the death of the testator since at that time any rights in the will vested and the validity of the provisions of the will was apparent and ascertainable by the beneficiaries. The majority in *Shideler* found the facts therein did not merit consideration of a discovery rule but did state as follows:

"There is authority supporting the proposition that statutes of limitation attach when there has been notice of an invasion of the legal right of the plaintiff or he has been put on notice of his right to a cause of action. *City of Miami v. Brooks,* (1954) Fla., 70 So.2d 306; *Urie v. Thompson,* (1949) 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, 11 A.L.R.2d 252. There may be special merit to that viewpoint where, as in *Neel v. Magana, et al.,* (1971) 6 Cal.3d 176, 98 Cal.Rptr. 837, 491 P.2d 421, the plaintiff was the client or the patient, but we do not have that problem.

We also note that in many cases where the discovery rule has been applied or alluded to, the misconduct was of a continuing nature or concealed, which also was the situation in *Neel v. Magana, supra.*

We see no unique relationship between a lawyer who drafts a will and one who is merely the object of his client's bounty that calls for a special rule. Without more, there is no continuing obligation to the devisee."

Although the certified question is not limited to a situation where the plaintiff is the client or the patient of the wrongdoer, it does contemplate a situation such as that in *Neel v. Magana,* where the misconduct is of a continuing nature and is concealed.

In responding to the certified question, we do not see it proper for us to respond to all tort claims, as Wisconsin did, for that would be going beyond the scope of the inquiry and put us in the position of issuing an advisory opinion. Therefore, we limit our finding here to the precise factual pattern related by the certified question which is an injury to a plaintiff caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance. We find that in those circumstances, a discovery type rule should be applied, and the statute of limitations in such causes commences to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the

product or act of another. It is contemplated that persons armed with these indices have a fair opportunity to investigate available sources of relevant information and to decide whether to bring their claims in court within the time limitations in the statute.

Of course, we make no determination on the merits of the causes of Barnes and Neuhauser, which are now before the Seventh Circuit Court of Appeals. Whether or not either plaintiff has a surviving cause of action, once the discovery rule we have indicated is applied, is to be determined by the Seventh Circuit Court of Appeals and not this Court.

The certified question answered, cause is remanded to the United States Court of Appeals for the Seventh Circuit for further proceedings.

GIVAN, C.J., and HUNTER and DeBRULER, JJ., concur.

PRENTICE, J., dissents without opinion.