Before MILBURN and GUY, Circuit Judges; and WOODS, District Judge *.

PER CURIAM.

Upon consideration of the briefs and record herein and after oral argument, the judgment of the National Labor Relations Board is AFFIRMED for the reasons stated in the entered opinion of the Board. *Tri-State Building Trades*, 272 N.L.R.B. No. 2 (1984).

---

**Robert Allen WALTERS and Shirley D. Walters, Plaintiffs-Appellants,**

v.

**OWENS–CORNING FIBERGLASS CORP., et al., Defendants-Appellees.**

Nos. 85–1213, 85–1808.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 7, 1985.*

Decided Jan. 8, 1986.

Richard J. Lesniak, East Chicago, Ind., for plaintiffs-appellants.

D. Kendall Griffith, Hinshaw, Culbertson, Moelman, Hoban & Fuller, Chicago, Ill., for defendants-appellees.

Before WOOD, CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants Robert and Shirley Walters appeal the district court order granting the defendants-appellees' motions for summary judgment. The district court held that the plaintiffs' actions were barred

---

* The Honorable George E. Woods, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

by Indiana's two-year statute of limitations for personal injuries. For the reasons explained below, we reverse and remand for further proceedings consistent with this opinion.

## I.

From 1950 to 1975, Robert Walters worked as an asbestos insulation applicator in Indiana and used and installed thermal insulation products containing asbestos. Walters' last exposure to asbestos occurred in 1974. In February 1978, Walters was informed by his physician that he was suffering from an asbestos-related disease. On February 22, 1980, Walters commenced the present action against the defendants, asbestos manufacturers, distributors and sellers, claiming that he had inhaled asbestos fibers from products manufactured, distributed or sold by the defendants and thereby developed asbestosis. The defendants moved for summary judgment on the ground that Walters' cause of action was not brought within Indiana's two-year statute of limitations for actions arising from personal injury. See IND.CODE § 34–1–2–2(1). The district court, citing *Braswell v. Flintkote Mines, Ltd.*, 723 F.2d 527 (7th Cir.1983), granted the defendants' motions for summary judgment. The Walters contend, citing Indiana's new "discovery" rule for actions caused by protracted exposure to foreign substances, see *Barnes v. A.H. Robins Co., Inc.*, 476 N.E.2d 84 (Ind.1985), that their action is timely.

## II.

In *Braswell v. Flintkote Mines, Ltd.*, 723 F.2d 527 (7th Cir.1983), several Indiana plaintiffs filed actions for damages arising from exposure to asbestos manufactured or supplied by the defendants. Some of the plaintiffs had not filed their actions within two years of their most recent exposure to the asbestos and, to avoid dismissal under Indiana's two-year statute of limitations, argued that their cause of action did not accrue until they discovered or should have discovered their injuries. Carefully

reviewing Indiana case law, we rejected this argument:

Plaintiffs' interpretation of the Indiana law of accrual [of a cause of action], however, contradicts controlling precedent from the Supreme Court of Indiana.....

... [T]he Supreme Court of Indiana rejected a "discovery" rule for the accrual of a cause of action, finding that, "[f]or a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable but only that the damage has occurred." *Shideler v. Dwyer* [275 Ind. 270], 417 N.E.2d [281] at 289 [ (1981) ].

As this Court's duty is to apply Indiana law, we hold that the causes of action herein accrued not when the injuries were discovered or susceptible of ascertainment, but rather at the time of the wrongful act, which the trial court reasonably concluded to be no later than the most recent exposure to asbestos fiber.

723 F.2d at 531–32. (footnote omitted). Judge Swygert, dissenting, suggested that the issue of when a cause of action accrues under Indiana law would best be certified to the Indiana Supreme Court. *Braswell*, 723 F.2d at 535. Judge Swygert noted that "the usual manifestation period for asbestosis is twenty to thirty years," 723 F.2d at 533, and decried the "mockery of justice" which resulted from a statute of limitations which often expires well "before any manifestation of the disease." 723 F.2d at 533.

In *Barnes v. A.H. Robins Company, Inc.*, 476 N.E.2d 84 (Ind.1985), a diversity case for damages arising from the use of a Dalkon Shield intrauterine device, the Indiana Supreme Court responded to the following question which we certified to it:

When does a cause of action accrue within the meaning of the Indiana Statute of Limitations for personal injury accidents, Ind.Code § 34–1–2–2, and the Indiana Statute of Limitations for Products Liability actions, Ind.Code § 33–1–1.–5–5, when the injury to the plaintiff is

caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance?" 476 N.E.2d at 85. The Indiana Supreme Court held that in cases when the injury to the plaintiff is caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance, the cause of action accrues "and the statute of limitations ... commences to run from the date the plaintiff knew or should have discovered that he suffered an injury or impingement, and that it was caused by the product or act of another." 476 N.E.2d at 87–88.

### III.

The issue presently before us is whether the discovery rule, recently enunciated by the Indiana Supreme Court in *Barnes* is applicable to the Walters' causes of action. Defendants do not contenst that Indiana has adopted a discovery rule governing the accrual of a cause of action stemming from "a disease ... contracted as a result of protracted exposure to a foreign substance." Rather, they contend that Walters' asbestos-related illness is not the result of protracted exposure to a foreign substance, and, as a consequence, the discovery rule does not apply. This contention is without merit.

Defendants attempt to distinguish the *Barnes* case from the facts of the present case by arguing that in *Barnes*, "the Dalkon Shield IUD's were continually present in the bodies of Lahna Barnes and Sharon Neuhauser over some continual, presumably lengthy period of time prior to the disease which those plaintiffs claimed the device caused." Defendants' brief at 13. Defendants contend that there is no evidence to show that Walters was exposed to any asbestos from the defendants' products for a prolonged period of time. Defendants state "there is no evidence in this case that any exposure of Mr. Walters from a [defendant's] product was more prolonged than the time it took him to take one breath of air containing asbestos fibers from any [defendant's] product." *Id.* at 14.

This argument is not responsive to the narrow issue presently before us: whether asbestosis is the "result of protracted exposure to a foreign substance" and therefore subject to the discovery rule of *Barnes*. "The duty of a district court sitting in diversity faced with a novel [issue] such as plaintiffs' is to predict, as best as possible, how an [Indiana] court would decide the issue." *Martin v. Harrington and Richardson, Inc.*, 743 F.2d 1200, 1202 (7th Cir. 1984). In *Barnes*, one of the plaintiffs' exposure to the Dalkon Shield IUD was for a period of two months and the Indiana Supreme Court held that this two-month period was sufficient to constitute "protracted exposure to a foreign substance." By contrast, in the present case the district court found that Walters was exposed to asbestos for approximately twenty-five years, from 1950 to 1975. Fact-finding No. 5. Further, Walters' deposition testimony established that many of the jobs he performed as an asbestos insulation applicator involved lengthy exposure to asbestos products. We therefore hold that exposure to asbestos products over a period of twenty-five years (and presumably lesser periods) constitutes "protracted exposure to a foreign substance" and that Indiana's discovery rule applies to the present case. Defendants are free to show on remand that Walters was not exposed to their products.

The cause is reversed and remanded for further proceedings not inconsistent with this opinion.