Martha E. GROCE, Kenneth Groce

v.

JOHNS–MANVILLE SALES CORPORATION, et al.

No. IP 81–245–C.

United States District Court, S.D. Indiana, Indianapolis Division.

June 22, 1987.

See also 662 F.Supp. 930.

Richard Andrew Young, Young & Young, Indianapolis, Ind., James R. Kellam, Kellam & Taylor, New Castle, Ind. for plaintiffs.

Raymond H. Modesitt, Patrick Wilkinson Goeller & Modesitt, Terre Haute, Ind., Jon L. Williams, Douglas B. King, Wooden, McLaughlin & Sterner, Michael A. Bergin, Locke Reynolds Boyd & Weisell, Phillip R. Scalletta, Ice Miller Donadio & Ryan, Indianapolis, Ind., Jeff D. Harris, Foran Wiss & Schultz, Chicago, Ill., for defendants.

## ORDER

STECKLER, District Judge.

This matter is before the Court on defendant Asbestos Corporation Limited's ("ACL") motion for summary judgment or, in the alternative, partial summary judgment. The motion will be denied.

This suit is a product liability action brought by Martha E. Groce and her husband, Kenneth Groce, against several defendant corporations, including ACL, which mine, manufacture or process asbestos and asbestos materials. Martha Groce worked with asbestos from 1959 to 1974, while an employee of the Firestone Tire & Rubber Company, WorldBestos Division, at the New Castle, Indiana plant. On February 15, 1980, she was diagnosed as having an asbestos-related disease. Plaintiffs commenced this action on March 17, 1981, alleging negligence and strict liability, and on behalf of Kenneth Groce, loss of consortium. There is no dispute that defendant ACL last delivered asbestos to WorldBestos in 1976.

Pursuant to Fed.R.Civ.P. 56 defendant ACL moves for summary judgment contending that plaintiffs' cause of action is barred as untimely in its entirety under Ind.Code § 34-1-2-2. In the alternative, ACL moves for partial summary judgment contending that plaintiffs' action is barred in part as untimely by Ind.Code § 33-1-1.-5-5. The Court disagrees.

There is no dispute that a two-year limitation period applies to plaintiff's negligence claim and strict liability claim. The negligence claim is governed by Ind.Code § 34-1-2-2, while the strict liability claim is governed by Ind.Code § 33-1-1.5-5. The dispositive issue in this case is when the cause of action accrued. Under Indiana law, when an injury is caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance, the cause of action is deemed to accrue when the plaintiff knew or should have discovered that the injury was caused by the product or act of another. *Barnes v. A.H. Robbins Co., Inc.*, 476 N.E.2d 84, 87–88 (Ind.1985). This rule applies to asbestos cases. *See Walters v. Owens-Corning Fiberglass Corp.*, 781 F.2d 570, 572 (7th Cir.1986).

In the instant case, Martha Groce's cause of action accrued on February 15, 1980, when she was diagnosed as having an asbestos-related disease. She filed suit on March 17, 1981, within two years of discovering the injury. Therefore plaintiff's action was commenced within the two-year limitation period and is not barred. Since Martha Groce's claims are not barred, her husband's derivative loss of consortium claim is similarly not barred.

ACL alternatively contends that plaintiffs' claims are barred in part by Ind. Code § 33-1-1.5-5 which provides in pertinent part:

... any product liability action in which the theory is negligence or strict liability

in tort must be commenced within ... ten [10] years after the delivery of the product to the initial user or consumer....

Ind.Code § 33–1–1.5–5. Defendant argues that to the extent plaintiff's claims are based upon exposure to asbestos delivered by ACL to plaintiff's employer more than ten years before this action was commenced, ACL is entitled to judgment on those claims. ACL's attempt to divide liability finds no support in the case law and this argument has been rejected by other courts. *See Thurston v. Johns-Manville Sales Corporation, et al.*, No. 81–C–243 (S.D.Ind. September 5, 1986); *Troxell v. Johns-Manville Sales Corporation, et al.*, No. 81–C–307 (S.D.Ind. October 7, 1986). The Court finds that Martha Groce's claim is timely under Ind.Code § 33–1–1.5–5 in that ACL last delivered asbestos to her employer in 1976 which falls within the ten-year cutoff period. Consequently, Kenneth Groce's derivative claim is similarly not barred.

Based on the foregoing the Court hereby DENIES ACL's motion for summary judgment.

IT IS SO ORDERED.

See also 662 F.Supp. 930.

Richard Andrew Young, Young & Young, Indianapolis, Ind., James R. Kellam, Kellam & Taylor, New Castle, Ind., for plaintiffs.

Raymond H. Modesitt, Patrick Wilkinson Goeller & Modesitt, Terre Haute, Ind., Jon L. Williams, Douglas B. King, Wooden, McLaughlin & Sterner, Michael A. Bergin, Locke Reynolds Boyd & Weisell, Phillip R. Scalletta, Ice Miller Donadio & Ryan, Indianapolis, Ind., Jeff D. Harris, Foran Wiss & Schultz, Chicago, Ill., for defendants.

STECKLER, District Judge.

This matter is before the Court on defendant Asbestos Corporation Limited's ("ACL") motion for summary judgment or, in the alternative, partial summary judgment. The motion for summary judgment will be granted.

This suit is a product liability action brought by Virginia Ford and her husband, John Ford, against several defendant corporations, including ACL, which mine, manufacture, process, import, convert, compound or sell asbestos and asbestos materials. Virginia Ford worked with asbestos from 1942 to 1974, while an employee of the Firestone Tire & Rubber Company,