**Virginia FORD and John Ford**

v.

**JOHNS–MANVILLE SALES CORP., et al.**

**No. IP 81–371–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

June 24, 1987.

See also 662 F.Supp. 930.

Richard Andrew Young, Young & Young, Indianapolis, Ind., James R. Kellam, Kellam & Taylor, New Castle, Ind., for plaintiffs.

Raymond H. Modesitt, Patrick Wilkinson Goeller & Modesitt, Terre Haute, Ind., Jon L. Williams, Douglas B. King, Wooden, McLaughlin & Sterner, Michael A. Bergin, Locke Reynolds Boyd & Weisell, Phillip R. Scalletta, Ice Miller Donadio & Ryan, Indianapolis, Ind., Jeff D. Harris, Foran Wiss & Schultz, Chicago, Ill., for defendants.

STECKLER, District Judge.

This matter is before the Court on defendant Asbestos Corporation Limited's ("ACL") motion for summary judgment or, in the alternative, partial summary judgment. The motion for summary judgment will be granted.

This suit is a product liability action brought by Virginia Ford and her husband, John Ford, against several defendant corporations, including ACL, which mine, manufacture, process, import, convert, compound or sell asbestos and asbestos materials. Virginia Ford worked with asbestos from 1942 to 1974, while an employee of the Firestone Tire & Rubber Company,

WorldBestos Division, at the New Castle, Indiana plant. On March 29, 1979, she was diagnosed as having an asbestos-related disease. Plaintiffs commenced this action on April 14, 1981, under theories of negligence, strict product liability and wanton and willful conduct, and on behalf of John Ford, loss of consortium. Defendant ACL last delivered asbestos to WorldBestos in 1976.

Pursuant to Fed.R.Civ.P. 56, defendant ACL moves for summary judgment contending that plaintiffs' cause of action is barred in its entirety by Indiana's two-year statute of limitation. ACL argues that plaintiffs' cause of action accrued no later than 1974, the last date of any possible exposure of Virginia Ford to any asbestos or asbestos materials delivered by ACL to WorldBestos. Therefore, ACL urges, because plaintiffs did not file suit by December 31, 1976, their action is time barred.

In response to the motion plaintiffs urge that a "discovery rule," rather than a last exposure rule, applies in this action. The Court agrees with plaintiffs' interpretation of the law, but the discovery rule does not save plaintiffs' action from being time barred.

There is no dispute that a two-year limitation period applies to the plaintiffs' claims. IND. CODE § 34-1-2-2; IND. CODE § 33-1-1.5-5. The dispositive issue is when the cause of action accrued. Under Indiana law, when an injury is caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance, the cause of action is deemed to accrue when the plaintiff knew or should have discovered that the injury was caused by the product or act of another. *Barnes v. A.H. Robins Co., Inc.*, 476 N.E.2d 84, 87-88 (Ind.1985). The discovery rule applies to asbestos cases. *See, Walters v. Owens-Corning Fiberglass Corp.*, 781 F.2d 570, 572 (7th Cir.1986).

Application of the discovery rule in this case bars plaintiffs' suit. In plaintiffs' response to ACL's motion for summary judgment, plaintiffs state that Virginia Ford was diagnosed as having an asbestos-related disease on March 29, 1979. Under the discovery rule, plaintiffs' cause of action accrued on March 29, 1979. Plaintiffs did not file suit until April 14, 1981, more than two years after the action accrued. Plaintiffs' action is untimely.

Based on the foregoing the Court finds that there are no genuine issues of fact and that ACL is entitled to summary judgment on plaintiffs' complaint. The Court hereby GRANTS ACL's motion for summary judgment.