**Robert BLAKER**

v.

**U.S. MINERAL PRODUCTS COMPANY, et al.**

**No. IP 81–463–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 8, 1987.

On Motion To Amend March 4, 1988.

Stephen Laudig, Community Defenders, San Diego, Cal., Timothy E. Eble, Motley Loadholt Richardson & Poole, Barnwell, S.C., for plaintiff.

C. Wendell Martin, Martin, Wade, Hartley & Hollingsworth, Indianapolis, Ind., Raymond H. Modesitt, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, Ind., Martin J. Murphy, Davis and Young Co., Cleveland, Ohio, Charles T. Jennings, Jennings, Maas & Stickney, Indianapolis, Ind., Harold E. Atherly, Petit Hess Atherly & Petit, Carmel, Ind., Robert J. Shula, Bingham Summers Welsh & Spilman, Indianapolis, Ind., for defendants.

STECKLER, District Judge.

This matter is before the Court upon the motions of defendant U.S. Mineral Products Company and defendant Owens–Illinois, Inc. for summary judgment pursuant to Fed.R.Civ.P. 56. This rule states, in part, that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court has considered the motions, the memorandums of law, and the supporting documents. The Court now finds that the defendants are not entitled to judgment as a matter of law, and, therefore, the motions must be denied.

The plaintiff in this action, Robert Blaker, filed a complaint against thirty (30) separate corporate defendants for personal injuries alleged to have been caused by exposure to asbestos and asbestos related products. The plaintiff filed the complaint on May 4, 1981, and the complaint alleges a products liability action. The defendants U.S. Mineral Products Company and Owens–Illinois, Inc. each claim that plaintiff's action against it is barred by Indiana's 10–year statute of repose for product liability actions. This statute states:

"[A]ny product liability action in which the theory of liability is negligence or strict liability in tort must be commenced within two [2] years after the cause of action accrues or within ten [10] years after the delivery of the product to the initial user or consumer."

Ind. Code 33–1–1.5–5. U.S. Mineral Products Company states that any of its asbestos-containing products to which plaintiff was exposed were delivered no later than 1959. Owens–Illinois, Inc. states that it has not mined, manufactured, processed, imported, converted or sold asbestos or any product containing asbestos since April, 1958. Therefore, these defendants argue that plaintiff's action was not commenced within ten years after the delivery of the product to the initial user or consumer. Nonetheless, the Court finds that the plaintiff's claims against these defendants are not barred by Indiana's statute of repose.

In *Covalt v. Carey–Canana, Inc.*, 672 F.Supp. 367 (S.D.Ind.1987), the Honorable Larry J. McKinney rejected an argument in support of summary judgment which was identical to the arguments of defendants in this case. Judge McKinney held that Indiana's statute of repose did not bar a products liability action involving long term exposure to asbestos. This Court now follows the thorough and well-reasoned opinion of the Court in *Covalt* in denying the defendants' motions for summary judgment. A copy of that opinion is attached as an appendix and made a part hereof.

Accordingly, by reason of the foregoing, the Court hereby

DENIES the motion of U.S. Mineral Products Company for summary judgment; and

DENIES the motion of Owens–Illinois, Inc. for summary judgment.

IT IS SO ORDERED.

### APPENDIX

United States District Court

Southern District of Indiana

Terre Haute Division

Cleremont L. Covalt and Ahnighita M. Covalt, Plaintiffs,

v.

Carey–Canana, Inc., and Union Carbine Corp., Defendants.

Cause No. TH 86–45–C

### ENTRY

The plethora of pleadings presently before the Court in this matter all regard the defendants' Motions For Summary Judgment. Defendants have filed their Motions For Summary Judgment in a case which is commonly referred to as an asbestosis case. Defendants urge that Indiana Code 33–1–1.5–5 serves as a bar to recovery in this case. Section 33–1–1.5–5 is the ten (10) year statute of repose of the Indiana Products Liability Act.

Defendants argue that the plaintiff was exposed to asbestos containing materials during the years 1963 to 1971 and cite the plaintiffs' complaint as authority therefor. Exposure to asbestos being more than twelve (12) years prior to the filing of this complaint, the defendants urge the plaintiffs' cause of action is time-barred under the above cited statute of repose.

Plaintiffs on the other hand urge that the products liability statute of repose does not apply in asbestosis cases. Plaintiffs cite *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84 (Ind.1985) and *Walters v. Owens–Corning Fiberglass Corp.* 781 F.2d 570 (7th Cir.1986). Plaintiffs also urge to the Court that recent amendments to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA),

42 U.S.C.A. § 9601–9657 as amended by public law Number 99–499 (October 17, 1986) preempts the State statute of limitations and requires a discovery rule for toxic tort actions brought in State Court.

The Court will not address the latter argument regarding the federal preemption of the State statute for the reason that cause can be determined without reference to that statute. The Motions For Summary Judgment filed by the defendants in this case are OVERRULED. The Motions are overruled for one reason. That reason is that in the opinion of this Court the State of Indiana has, through the case of *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, established a discovery rule in a situation in which "an injury to a plaintiff [is] caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance." *Id.* at 85.

The cause of action does not accrue until the plaintiff discovered or should have discovered a disease of that nature.

The question in *Barnes* was a question of accrual, that is, when does the cause of action accrue. The answer was that the cause of action accrues within two (2) years of the time of discovery. The rule of discovery was limited by the *Barnes* case to a situation in which the "precise factual pattern related by the certified question" is involved. *Id.* at 87. The Seventh Circuit Court of Appeals had certified the following question: "When does a cause of action accrue within the meaning of the Indiana Statute of Limitations for personal injury accidents, Ind. Code § 34–1–2–2 and the Indiana Statute of Limitations for products liability actions, Ind. Code § 33–1–1.5–5, when the injury to the plaintiff is caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance?" *Barnes*, 476 N.E.2d at 85. The answer is within two years of the discovery of the disease *whenever* that occurs without regard to the last exposure. *Id.* at 86–88.

Defendants argue that the case of *Dague v. Piper Aircraft Corp.*, 275 Ind. 520, 418 N.E.2d 207 (1981) stands for the proposition that no matter when the discovery occurred no suit can be maintained if ten (10) years have passed from the introduction of the product into the market place. Here we are not concerned with introduction of a product into the market place. Here we are concerned with exposure of a foreign substance causing disease. The *Barnes* case discusses the *Dague* case and concludes that in disease cases "[t]he problem comes about when the act, seemingly innocent, causes changes so subtle and latent that they are not discoverable to the plaintiff until they manifest themselves many years later." 476 N.E.2d at 86. Responding to that concern and seeming unfairness and in recognition of the difference between injury and disease, the *Barnes* case set a discovery rule to apply in protracted exposure to hazardous substance cases. To do otherwise is to exclude latent disease victims from our system of jurisprudence. No such intent should be ascribed to the Indiana Legislature or the Indiana Supreme Court.

The Court is not unmindful of the fact that in the *Barnes* case there were two lawsuits and in both lawsuits the plaintiffs had in fact filed their cases within the ten (10) year statute of repose. Notwithstanding those facts, the *Barnes* Court's opinion clearly sets a standard in disease cases and makes disease cases different than cases caused by products which injure individuals. In other words, it is this Court's opinion that in the State of Indiana the ten (10) year statute of repose still applies to cases like *Dague* or in any case in which the injury to the plaintiff resulted from a product that was introduced into the stream of commerce ten years prior to the injury. The exception carved to that rule by *Barnes* is an exception that deals only with diseases from protracted exposure to foreign substances. That is, protracted exposure as opposed to a one-time injury causing event.

Defendants further have cited *Braswell v. Flintkote Mines, Ltd.*, 723 F.2d 527 (7th Cir.1983), and *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276 (7th Cir.1983) for the notion that the ten year statute of repose is not only the law in Indiana, it's also consti-

tutional. Both of those cases were decided prior to *Walters v. Owens–Corning Fiberglass Corp.* cited at 781 F.2d 570 (7th Cir. 1986). The vast difference between the *Walters* case and the *Braswell* and *Pitts* case is that the *Walters* case deals with a time in Indiana after the *Barnes* case was decided. Certainly all recognize that the task of the Federal District Court is to predict the Indiana law as it would apply in this case. The *Walters* case reflects upon the Indiana law and determines that in the area of "a disease which may have been contracted as a result of protracted exposure to a foreign substance" the statute of limitations in Indiana "commences to run from the date the plaintiff knew or should have discovered that he suffered an injury or impingement and that it was caused by the product or act of another". *Walters,* 781 F.2d at 572, citing *Barnes v. A.H. Robins Co.,* 476 N.E.2d, at 87–88. The Court is also mindful that in the *Walters* case the facts showed that Mr. Walters had filed his lawsuit inside the ten year statute of repose. Again, this Court is persuaded that the law in the State of Indiana from the *Barnes* case has carved out the above noted exception to that statute of repose.

Therefore, for the reason that the *Barnes* case has created an exception to the ten year statute of repose in products liability cases in cases dealing with long term exposure to substances which cause disease, the defendants' Motion For Summary Judgment is OVERRULED.

The Court further notes a pending Motion To Strike in this case. It is the Court's view that its ruling on the Motion For Summary Judgment renders that Motion To Strike moot.

DATED this 26th day of October, 1987.

### ON MOTION TO AMEND

This matter is before the Court on the motion of defendant Owens–Illinois Inc. to amend the Court's order of December 8, 1987, to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The defendant Owens–Illinois Inc. wishes to appeal the Court's ruling that the plaintiff's claims were not barred by Indiana's statute of repose. Ind. Code § 33–1–1.5–5. Having considered the motion, the Court finds that the motion to amend the order should be granted.

A district court may certify an order for immediate appeal if the judge is of the opinion that the order involves a controlling issue of law which is subject to a difference of opinion and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). Here the Court finds that its Order of December 8, 1987 meets this standard. Additionally, the Court finds that this case should be consolidated for purposes of appeal with other cases from this district dealing with the same issue.

Accordingly, the Court hereby GRANTS the motion to amend the order and AMENDS the Order of December 8, 1987 to include the following paragraph:

The Court denies defendants' motion for summary judgment on the basis that the discovery rule set forth in *Barnes v. A.H. Robins Co., Inc.,* 476 N.E.2d 84 (Ind.1985), as interpreted in *Walters v. Owens Corning Fiberglass Corp.,* 781 F.2d 570 (7th Cir.1986) applies to the ten-year statute of repose applicable to products liability actions under Ind. Code § 33–1–1.5–5 in cases involving alleged injury from protracted exposure to a foreign substance. In the Court's opinion, this decision involves a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal from this Order denying summary judgment may materially advance the ultimate termination of the litigation.

For purposes of appeal, this case SHOULD BE CONSOLIDATED with the *Romano, Covalt* and *Rice* cases from this district which deal with the same issue.

IT IS SO ORDERED.