**Mona J. KNOX, Administratrix of the Estate of Darrel G. Knox, Plaintiff,**

**v.**

**AC & S, INC., Owens–Corning Fiberglas Corp., et al., Defendants.**

**No. IP 85–911–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 11, 1990.

Modesitt, Patrick Wilkinson Goeller & Modesitt, Terre Haute, Ind., Martin J. Murphy, Davis & Young Co., L.P.A., Cleveland, Ohio, Phillip R. Scaletta, Michael D. Marine, Ice Miller Donadio & Ryan, Robert J. Shula, Price & Shula, Richard S. Ewing, Stewart & Irwin, Jon D. Krahulik, Robin L. Babbitt, Bingham Summers Welsh & Spilman, Indianapolis, Ind., Eric L. Zalud, Robin E. Harvey, Benesch Friedlander Copland & Aronoff, Cincinnati, Ohio, Robert A. Bunda, Mark P. Prajsner, Theresa R. Dewitt, Fuller & Henry, Toledo, Ohio, R. Robert Stommel, Susan E. Mehringer, Lewis Bowman St. Clair & Wagner, Indianapolis, Ind., William E. Osantowski, Gary D. Sharp, Michael D. Ritenour, Cheatham & Acker, Detroit, Mich., for defendants.

Thomas H. Hart, Ness Motley Loadholt Richardson & Poole, Barnwell, S.C., Stephen Laudig, Indianapolis, Ind., for plaintiff.

Charles T. Jennings, Robert D. Maas, Jennings & Maas, Indianapolis, Ind., Edward L. Murphy, Jr., Edward J. Liptak, Miller Carson & Boxberger, Fort Wayne, Ind., Julia Blackwell, Locke Reynolds Boyd & Weisell, Indianapolis, Ind., Raymond H.

**ENTRY DENYING SUMMARY JUDGMENT MOTION OF DEFENDANT OWENS–CORNING FIBERGLAS CORPORATION**

TINDER, District Judge.

This case is before the court on the summary judgment motion of defendant Owens–Corning Fiberglas Corporation ("OCF").[1]

1. This is the second summary judgment decision in this litigation and represents the second time in this case this federal district court has been confronted with a significant question of state law that has not yet been conclusively addressed by Indiana state courts. While the courts of this state obviously have the most expertise in dealing with issues of Indiana law, Indiana trial court decisions are not published, hence, the first reported decisions on many issues of first impression under Indiana law are reached by federal trial courts in this state whose decisions are published in some instances. This state of affairs frequently places federal district courts in the somewhat awkward position of announcing Indiana law while purporting to follow it.

In the prior decision in this case, *Knox v. AC & S, Inc.,* 690 F.Supp. 752 (S.D.Ind.1988), ("*Knox I*"), this court concluded that Indiana's "statute of repose ... operate[s] as a bar to an asbestos products liability case, as to any delivery and exposure occurring outside the period of repose." *Id.* at 758 (agreeing with an unpublished opinion of Dillin, J.). In *Knox I* this court was dissatisfied with the "harsh result" it felt compelled to by prior Indiana precedents, but nevertheless, considered itself constrained by its role as a federal "court sitting in diversity" and declined to reach beyond settled precedent to decide a crucial issue of state law. *Id.* at 760. This court did recognize in *Knox I* that other district courts within this district had viewed Indiana's statute of repose differently and predicted that, "the Seventh Circuit will certify the question to the Indiana Supreme Court." *Id.*

This prediction proved accurate, and the question was certified to the Indiana Supreme Court by the Seventh Circuit in *Covalt v. Carey Canada Inc.,* 860 F.2d 1434, 1441 (7th Cir.1988). In *Covalt v. Carey Canada, Inc.,* 543 N.E.2d 382, 385 (Ind.1989), Justice Pivarnik of the Indiana Supreme Court, writing for the majority, agreed with Judge McKinney's prescient District Court opinion which had foretold the demise of the statute of repose as applied to asbestos cases in Indiana. *Compare Covalt v. Carey–Canada, Inc.,* 672 F.Supp. 367, 369 (S.D.Ind.1987), (opinion of McKinney, J.), *aff'd, Covalt v. Carey Canada, Inc.,* 894 F.2d 1338 (7th Cir.1990), *with Covalt,* 543 N.E.2d at 386.

Thus, the rule of *Knox I* with respect to the applicability of the statute of repose has been superseded by the opinion of the Indiana Supreme Court in the *Covalt* case.

## I. *Findings of Fact* [2]

Darrel G. Knox' lifelong career as an insulator began in 1949 and ended in 1983. Mr. Knox was employed by OCF for parts of seventeen of those years. During his career with OCF and other employers Mr. Knox came into frequent contact with products containing asbestos. Some of these products were manufactured by OCF.

In April of 1984 Mr. Knox was diagnosed as having mesothelioma, a degenerative condition of the lungs caused by his contact with asbestos. Mr. Knox filed this lawsuit in 1985 seeking to recover for his "asbestos caused diseases" [3] from a number of manufacturers who used asbestos in products with which he came into contact. Mr. Knox died from his illness in April, 1986 and his wife, Mona J. Knox, as administratrix of his estate was substituted as the named plaintiff in this action.

## II. *Defendant's Motion*

OCF has filed a motion for summary judgment urging that the Knox claim is barred by the Indiana Workmen's Occupational Diseases Act (hereinafter "IWODA" or "the Act"). [4] OCF contends that the Knox claim is invalid for two reasons:

(1) because Mr. Knox elected to receive compensation under the IWODA for his disease from a former employer, and the provisions of IWODA limit claimants under the Act to a single recovery, and

(2) because Mr. Knox was employed by OCF during a large part of his career, and the IWODA limits the potential liability of all employers for an occupational disease suffered by a current or past employee to a single recovery from the employer with whom the employee was last exposed to the disease causing hazard for a period of at least sixty (60) days.

## III. *Summary Judgment Standard*

Summary judgment is to be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

---

**2.** On a motion for summary judgment this court is required to draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 937 (7th Cir.1989). Accordingly, these findings of fact are made for the purposes of this summary judgment motion only and should be construed to have no bearing on any subsequent proceeding in this case.

**3.** The phrase "asbestos caused diseases" is the phrase used by plaintiff to describe the illness (or illnesses) suffered by Mr. Knox and allegedly caused by his exposure to asbestos fibres contained in defendant's products. This phrase was used in plaintiff's amended complaint filed January 8, 1987, which seeks recovery only for Mr. Knox' disability and wrongful death and for Mrs. Knox' loss of consortium. In plaintiff's amended complaint a claim for damages resulting from Mrs. Knox' personal exposure to asbestos fibres (which appeared in plaintiff's original complaint) was dropped.

Although the plaintiff has alleged that Mr. Knox suffered from asbestos-caused diseases, plaintiff does not contend (either in plaintiff's complaint or in her contentions) that any particular defendant or group of defendants bears sole responsibility, distinct from all other defendants for a particular asbestos-caused disease. Because the plaintiff's contention is that *all* defendants are (at least in part) responsible for *all* asbestos-caused diseases that Mr. Knox contracted, this court perceives no analytical difference, for the purposes of this motion for summary judgment, with respect to whether Mr. Knox contracted one asbestos-caused disease or many. Therefore, when discussing Mr. Knox' disease(s) in this opinion the singular is used.

**4.** For the sake of brevity, this court will refer to Ind.Code sections 22–3–7–2 through 22–3–7–38 as the IWODA despite the fact that the Indiana General Assembly repealed the Act's short title in 1988.

Defendant's briefing on its motion for summary judgment, however, relies only upon vague references to plaintiff's failure to "deny that compensation was sought and received under the Occupational Disease Act" and upon a single affidavit, signed by an attorney for OCF, that affirms that Mr. Knox was employed by OCF for parts of 17 years from 1963 through 1983. This court does not consider such references to be sufficient to meet defendant's burden of demonstrating by tangible evidence that there is no genuine issue of material fact regarding whether any injury to Mr. Knox which may have been caused by OCF or OCF products was inflicted solely during the time period Mr. Knox was employed by OCF. OCF presents no evidence that would tend to exclude the possibility that Mr. Knox was, at least in part, injured by OCF asbestos-containing products at a time when he was not employed by OCF. Therefore, plaintiff may rest upon her pleadings and, at this time, need not submit "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(c)).

The inadequate nature of the evidence presented in support of OCF's motion for summary judgment is sufficient grounds for this court to deny OCF's motion for summary judgment. Nevertheless, in order to clarify this court's view of several relevant legal issues for the parties and to assist in pointing out the type of proof that will be necessary at trial, this court will briefly address the legal concepts on which defendant's motion for summary judgment is based.

## IV. *Exclusivity of the IWODA Remedy*
A. The decision to seek an IWODA award does not bar all subsequent suits based on an employee's occupational disease

Plaintiff's complaint seeks recovery only for Mr. Knox' illness and wrongful death caused by an asbestos-caused illness contracted as a result of working with asbestos products while Mr. Knox was em-

ployed as an insulator and for Mrs. Knox' loss of consortium due to that illness. Thus, plaintiff's theories of recovery are based solely upon Mr. Knox' contraction of an asbestos-caused disease or diseases and not upon any other disease or injury.

Defendant asserts that plaintiff was compensated for his asbestos-caused disease under the IWODA and that, because the IWODA remedy is exclusive, plaintiff is barred from maintaining any other suit to recover for the injury on which the IWODA award was based. Indeed, the statute itself provides that, "[t]he rights and remedies granted under this chapter to an employee subject to this chapter on account of disablement or death by occupational disease arising out of and in the course of the employment *shall exclude all other rights and remedies.*" Ind.Code § 22–3–7–6 (emphasis added). Furthermore, Ind.Code § 22–3–7–33 specifies that, "[i]n cases involving ... asbestos, *the only employer liable* shall be the last employer in whose employment the employee was last exposed during the period of sixty (60) days or more to the hazard of the occupational disease." (emphasis added). However, both of these provisions are expressly applicable only if an employer-employee relationship is present.

Plaintiff responds that the recovery sought from OCF is only for "harm suffered by exposure to Defendant OCF asbestos-containing products when he was *not* under any contract of hire to OCF." It is plaintiff's position that the IWODA does not bar a recovery outside the statute for injuries caused by OCF that did not arise out of plaintiff's employment relationship with OCF. This court agrees with plaintiff that the statute expressly applies only to "disablement or death by occupational disease *arising out of and in the course of the employment.*" Ind.Code § 22–3–7–2 (emphasis added). Furthermore, Ind.Code § 22–3–7–36 allows an employee to "commence legal proceedings against [a person—other than a present or past employer[5]] to recover damages" for an occupa-

---

5. The employer's exemption from suit also in-    cludes employees of the employer acting in the

tional disease. Ind.Code § 22–3–7–36(a). The statute authorizes an employee to seek damages from a third-party, "notwithstanding ... payment of, or [an employer's] liability to pay, compensation under" the IWODA, as long as the employee's occupational disease was "sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages" for the disease. *Id.*

Thus, when drafting the IWODA, the General Assembly obviously contemplated the possibility that some lawsuits could be brought against non-employer third parties outside the IWODA apparatus for damages arising from an occupational disease.[6] Indeed, the IWODA not only permits suits against certain third parties but it allows an injured employee's employer to pursue a suit against a responsible third party if an employee who has received an IWODA award elects not to do so. *See* Ind.Code § 22–3–7–36. There is no danger of a double recovery resulting from third party suits for an occupational disease because an injured employee who is compensated as the result of an action against a third party is required to reimburse his or her employer for any IWODA payments previously received. *Id.*

Clearly then, an employee's decision to seek compensation under the IWODA does not erect a bar against subsequent lawsuits initiated to recover for the same disease upon which the employee bases his IWODA claim.

B. Under the IWODA, once an employer—does not mean—always an employer

▮ The IWODA does exclude a certain group of otherwise potentially liable parties from the set of entities that may be sued for an occupational disease. The group against whom the IWODA's compensation schedule is the exclusive remedy is the group of all former and past employers (and their employees) who may have injured the plaintiff while they were acting "in the course of the employment." *See* Ind.Code §§ 22–3–7–2, 6, 10, 33, 36.

The mere fact that OCF was once Mr. Knox' employer, however, did not immunize it against all future and past liability to him for injuries that did not arise out of the course of Mr. Knox' employment with OCF. Even OCF admits that "[t]he fact that [Mr. Knox] was injured at work does not prohibit him from suing as a result of a separate injury received outside the employment scenario." *See* OCF's Reply Brief at 3. The relevant question, therefore, is: was Mr. Knox injured by OCF while not employed by OCF?

OCF contends that Mr. Knox received only one injury, his asbestos-caused disease, and that this injury is inseparable from the injury which arose out of Mr. Knox' employment with OCF. The only proof OCF offers in this regard is the undisputed evidence that Mr. Knox was employed by OCF for part of his career. Significantly, OCF does not contest Mr. Knox' contention that he used OCF products while *not* employed by OCF.

Defendant's brief contains an illustration (which defendant's counsel attributes to plaintiff's counsel) and which aptly describes an injury that, while suffered by an employee of the defendant, arises outside the employment relationship and, hence, is not covered by the Act.

In plaintiff's example, the mundanely named plaintiff John Doe is employed by the equally imaginatively monikered XYZ Company. XYZ makes toasters and Mr. Doe is employed as a toaster-tester. Mr. Doe decides to purchase a toaster to warm his daily bread and, being a loyal XYZ employee, he purchases an XYZ toaster.

scope of their employment.

6. Although no Indiana court appears to have directly considered the question of whether the IWODA bars suits against third parties, products liability claims have been litigated against third parties in Indiana courts where it was apparent that a claim under the IWODA was available.

*See, e.g., Pitts v. Unarco Indus., Inc.,* 712 F.2d 276, 280 (7th Cir.1983) (In *Pitts* plaintiff settled prior to trial with all defendants against whom her claim was not barred by the statute of limitations) *cert. denied,* 464 U.S. 1003, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983); *Covalt v. Carey Canada, Inc.,* 543 N.E.2d 382, 387 (Ind.1989).

Mr. Doe is undoubtedly happy knowing that he owns the last letter in toasters. This joy is short-lived, however, because a short-time after Mr. Doe gets his XYZ toaster home it short-circuits, electrocuting our favorite toaster-tester. Plaintiff makes the point that neither Mr. Doe nor his dear wife can recover under the Worker's Compensation Act ("WCA") (for the purposes of this illustration, the WCA's similarity to the IWODA may be conceded) for the electrocution, but that they might be able to pursue a products liability claim. The result is not shocking. XYZ cannot be charged with liability under the WCA because Mr. Doe was not electrocuted while he was on the job.

Defendant tries to distinguish plaintiff's example from the current claim by arguing that Mr. Knox received only one injury—mesothelioma and that the harm caused to Mr. Knox inside vs. outside the OCF employment environment is, therefore, indistinguishable. Defendant, however, submits no medical evidence regarding the nature of asbestos-caused diseases. For defendant to have prevailed on summary judgment it would have had to produce evidence that Mr. Knox' exposure to OCF's asbestos-containing products outside the OCF employment context could not have increased the degree of harm suffered by Mr. Knox.

This court doubts that the causation question is so simple. It is this court's understanding that the effects of exposure to asbestos are cumulative.[7] Thus, though the effect of each exposure to asbestos may be difficult to quantify, each independent exposure could have had some deleterious effect on Mr. Knox' health. Regardless of this court's understanding of asbestos-caused diseases, however, defendant has offered no evidence controverting plaintiff's contention that, "[t]he effects of asbestos are cumulative and continuing with each and every exposure to asbestos contributing to Mr. Knox' injury and death." Amended Complaint at 2. With-

out such evidence defendant's motion must fail.

V. *Conclusion*

Because an individual seeking an IWODA recovery may also seek damages from a third party for the same disease upon which his or her IWODA claim is based, and because defendant's motion for summary judgment is not supported by evidence sufficient for this court to determine that Mr. Knox' exposure to OCF asbestos outside the context of his employment with OCF could not have caused him injury, defendant's motion is DENIED.

ALL OF WHICH IS ORDERED.

---

7. This court is informed by the Indiana Supreme Court, which described an asbestos-caused injury as an "injury [which] was inflicted, and continued to be inflicted, during the time of protracted exposure to" to the asbestos. *Covalt,* 543 N.E.2d at 384.