**George CHACHARIS, Plaintiff-Appellant,**

**v.**

**T. R. FADELL, Defendant-Appellee.**

**No. 3–1081A254.**

Court of Appeals of Indiana,
Third District.

Aug. 18, 1982.

John Kappos, Merrillville, for plaintiff-appellant.

T. R. Fadell, pro se.

GARRARD, Judge.

On July 3, 1979 appellant Chacharis commenced an action against Fadell for defamation based upon certain pleadings filed by Fadell in a prior lawsuit. Subsequently, the court granted Fadell's motion to dismiss on the ground that Chacharis' action was barred by the statute of limitations.[1]

The facts leading up to Chacharis' claim disclose that Fadell had been a practicing attorney and township assessor in Lake

---

1. IC 34 1 2 2 requires that actions for injuries to person or character be commenced within

two (2) years after the claim has accrued.

County. On January 18, 1977 Fadell filed a complaint alleging that Chacharis and others had "conspired and continued to conspire together to libel and slander [Fadell] by having him accused of misfeasance in office and nefarious conduct and publishing the same, both in writing and orally, to various persons in the community." The complaint then made specific allegations of impropriety and criminal misconduct against Chacharis.

This original case was venued to Newton County. On February 2, 1977 Chacharis filed a motion to strike several paragraphs of Fadell's complaint on the ground that they had no relevancy, materiality or pertinency to the claim and had been inserted solely to defame Chacharis. On July 10, 1978 the court granted the motion to strike as to paragraph 3 of the Fadell complaint.

Thus arises the sole issue presented in this appeal. Does the statute of limitations on an action for defamation commence to run when the matter complained of is published or, in the case of defamation by pleading, does it not commence to run until there has been a determination that the matter is not privileged.

■ Under Indiana law defamatory statements contained in judicial pleadings are qualifiedly privileged; that is to say, the matter asserted in a pleading is privileged but only if it is pertinent or relevant to the litigation. *Stahl v. Kincade* (1963), 135 Ind.App. 699, 192 N.E.2d 493, 497. The determination of whether the allegations complained of are relevant is a question of law for the court. *Stahl*, 192 N.E.2d at 497.

■ As a general rule in defamation actions the claim accrues, and the statute of limitations begins to run, upon publication of the defamatory material. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill.2d 129, 334 N.E.2d 160; 50 Am.Jur.2d, *Libel & Slander* § 390. *See also* Prosser, Law of Torts (4th Ed.) § 113.

■ Moreover, it is clear that the assertion of qualified privilege is a matter of defense. *Knight v. Baker* (1977), 173 Ind.

App. 314, 363 N.E.2d 1048; *Henderson v. Evansville Press* (1957), 127 Ind.App. 592, 142 N.E.2d 920; 50 Am.Jur.2d, *Libel & Slander* § 429; Prosser, Law of Torts (4th Ed.) § 796.

■ As the question of qualified privilege was a matter of defense rather than an element of the claim, we conclude that the trial court correctly determined that Chacharis' claim accrued with publication of the defamatory matter and was barred by the provisions of IC 34–1–2–2 when he failed to commence his action within two years thereafter. *Raymond v. Simonson* (1835), 4 Blackf. 77; *Kaletha v. Bortz Elevator Co., Inc.* (1978), Ind.App., 383 N.E.2d 1071; *Merritt v. Economy Dept. Store* (1955), 125 Ind. App. 560, 128 N.E.2d 279.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.