James E. BURKS, Appellant
(Plaintiff Below),

v.

C.H. RUSHMORE, Appellee
(Defendant Below).

No. 41A04–8604–CV–120.

Court of Appeals of Indiana,
Fourth District.

Nov. 10, 1986.

---

David S. McCrea, McCrea & McCrea, Bloomington, for appellant.

David S. Allen, Locke, Reynolds, Boyd & Weisell, A David Stippler, Indianapolis, for appellee.

YOUNG, Judge.

James E. Burks appeals an adverse entry of summary judgment on his claim of defamation bought against C.H. Rushmore, M.D. The sole issue on appeal is whether the discovery rule adopted by our supreme court in *Barnes v. A.H. Robins Co., Inc.* (1985), Ind., 476 N.E.2d 84, should be extended to cover defamation actions. Because we find that the rule is applicable, we reverse the entry of summary judgment in favor of Rushmore.

The pertinent facts reveal that Burks was an employee of Indiana Bell Telephone Company, Inc. in 1981. Rushmore was the Medical Director for Indiana Bell and was responsible for the maintenance and supervision of Indiana Bell's employee disability leave programs.

During the first week of November, when Burks was on authorized sickness disability leave, Rushmore received a newspaper article with a handwritten note from Scott Newlund, the manager of Indiana Bell's Bloomington, Indiana business office. The article indicated that Burks was involved with Empire Property Management Company, Inc. as a principal, active manager and partner. On November 9, 1981, Rushmore wrote the following memorandum and circulated it, along with the newspaper article and Newlund's note, to three Indiana Bell employees:

> This disturbs me, and I am wondering if, with Scott Newland's [sic] information, we would consider that this is fraud since he has been on disability for some time.

This memorandum is the basis for Burks' defamation claim against Rushmore.

Burks first learned of the memorandum on November 3, 1982 during a hearing before the Indiana Employment Security Division when his attorney was handed the memorandum by Indiana Bell's attorney. That same day, Burks wrote Newlund and demanded a copy of the memorandum. In a letter dated December 3, 1982, Newlund refused to provide a copy of the memorandum but acknowledged that the memorandum had been written by the Medical Director of Indiana Bell. On December 8, Burks wrote Newlund again and acknowledged that he knew Rushmore was the Medical Director. Burks filed suit against Rushmore on November 1, 1984, more than two years after the memorandum was circulated but less than two years after Burks became aware of the memorandum.

On May 10, 1985, Rushmore filed his motion for summary judgment arguing that the applicable statute of limitations had expired before the case was filed. On January 23, 1986, the trial court granted Rushmore's motion for summary judgment. Burks then filed this appeal.

Generally, a defamation action accrues and the statute of limitations begins to run upon the publication of the defamatory ma-

terial. *Chacharis v. Fadell* (1982), Ind. App., 438 N.E.2d 1032, 1033. Thus, absent a legal excuse to toll the statute of limitations, it begins to run when publication occurs. However, our supreme court has recognized that occasionally the facts presented by a case compel the application of a discovery rule. In *Barnes v. A.H. Robins Co., Inc., supra* at 87, the Indiana supreme court adopted the discovery rule for actions in which a plaintiff suffered an injury "caused by disease which may have been contracted as a result of protracted exposure to a foreign substance." In these types of actions, "the statute of limitations commences to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Id.* at 87–88. While the court did not extend the discovery rule to other types of tort actions, it did not preclude the possibility that such a step be taken in the future when an appropriate case presented the issue.[1]

> "The discovery rule is based on the reasoning that it is inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists. In the typical tort claim, injury occurs at the time the negligent act is done and the claimant is either aware of the injury, or at least the cause of the injury, and is put on notice to determine the extent of that injury."

*Id.* at 86.

■ The modern trend is to apply the rule of discovery in defamation cases in which the alleged defamatory statements are published under circumstances in which they are likely to be kept secret from the injured party. *Clark v. Airesearch Mfg. Co. of Ariz., Inc.* (1983), 138 Ariz. 240, 673 P.2d 984, 986. Courts applying the discovery rule under these circumstances have considered the policies of discouraging

stale claims and encouraging diligence in pursuing actions and concluded that these considerations are outweighed by the need to preserve the injured parties' rights where the defamatory statements are likely to be kept secret. *Id.* The discovery rule has no applicability to defamation actions where the publication is accomplished through the mass media because there is no attempt to conceal or hide the publication from the defendant. In these situations the defamatory material is readily available to the public and is therefore discoverable. However, when the publication takes place in a confidential setting, the plaintiff has no opportunity to discover the defamatory material. Discovery, if it occurs at all, will be by chance or mishap. For example, credit reports are given to credit bureaus and are deemed confidential. A false or defamatory report would not be discovered by a potential plaintiff until after the plaintiff sought to obtain credit and was turned down because of the report. This would be the first opportunity the plaintiff would have to discover the defamation or even be alerted to the fact that defamatory statements had been made. Under circumstances where the plaintiff is blamelessly ignorant that a wrong has occurred, his action should not be barred on the basis that he slept on his rights. *See e.g. Sears, Roebuck & Co. v. Ulman* (1980), 287 Md. 397, 412 A.2d 1240. *See also Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill.2d 129, 334 N.E.2d 160.

■ We believe that the rationale applied by our supreme court in the *Barnes* case is applicable to the situation presented in this case. Therefore we find that the discovery rule should be applied in situations in which the defamation is published in a manner in which it is likely to be concealed from the plaintiff, such as in a confidential business memorandum or cred-

---

1. We note that the *Barnes* case involved an interpretation of IND. CODE 34–1–2–2, the same statute involved in this action. The court noted that the statute provided that actions of the type involved were to be brought within two years after the cause accrued and it was for the court to determine when the cause accrued. *Barnes, supra* at 86–87.

it report.[2] *See Clark, supra; Holloway v. Butler* (1983), Tex.App., 662 S.W.2d 688 (citing with approval *Armstrong v. Morgan* (1976), Tex.App., 545 S.W.2d 45).

The memorandum in this case was issued in a confidential setting and distributed to a limited and defined group of individuals.[3] The document was not intended for public perusal and was not provided or mentioned to Burks. Burks, even with due diligence, would not have discovered the document since he had no reason to suspect that such a document existed. He discovered the document only by accident after he and his employer became embroiled in an employment dispute. Under these circumstances, the discovery rule would apply and the statute of limitations did not begin to run until Burks knew or should have discovered that he had been wronged. The undisputed facts reveal that Burks discovered the memorandum on November 3, 1982 and filed his action within two years of that date. Therefore, the trial court's entry of summary judgment is reversed and the cause remanded for further proceedings.

MILLER, J., concurs.

CONOVER, P.J., dissents without opinion.

---

**2.** We are not persuaded that *Kaletha v. Bortz Elevator Co., Inc.* (1978), Ind.App., 383 N.E.2d 1071, and *Spoljaric v. Pangan* (1984), Ind.App., 466 N.E.2d 37, command a contrary conclusion as urged by Rushmore since both cases were decided prior to the supreme court's adoption of the discovery rule in *Barnes, supra*.

**3.** We are not concerned with whether the disputed memorandum actually was defamatory and therefore do not address that issue. We also do not determine that a publication actually occurred. We are concerned only with when the defamation action accrued and the statute of limitations began to run.