**James E. BURKS, Appellant (Plaintiff Below),**

v.

**C.H. RUSHMORE, Appellee (Defendant Below).**

No. 41S04–8903–CV–209.

Supreme Court of Indiana.

March 9, 1989.

David S. McCrea, McCrea & McCrea, Bloomington, for appellant.

David S. Allen, Locke Reynolds Boyd & Weisell, and A. David Stippler, Indianapolis, for appellee.

DICKSON, Justice.

In this defamation action, defendant C.H. Rushmore obtained a summary judgment based upon the expiration of the applicable statute of limitations. The Court of Appeals reversed, applying a discovery rule "in situations in which the defamation is published in a manner in which it is likely to be concealed from its plaintiff." *Burks v. Rushmore* (1986), Ind.App., 499 N.E.2d 762, 764. Rushmore seeks transfer, alleging conflict between the opinion of the Court of Appeals in this case and its prior opinions in *Chacharis v. Fadell* (1982), Ind. App., 438 N.E.2d 1032, and *Kaletha v. Bortz Elevator Co., Inc.* (1978), 178 Ind. App. 654, 383 N.E.2d 1071. Transfer is granted to address this issue.

Plaintiff James E. Burks was an employee of Indiana Bell Telephone Company, Inc. in 1981. As Medical Director for Indiana Bell, Rushmore was responsible for maintenance and supervision of the employee disability leave programs. On November 9, 1981, Rushmore wrote and circulated to three Indiana Bell employees a memorandum and attachments relating to Burks, who was then on disability leave from his job. Burks's complaint alleged that he was thereafter ordered to take a new job assignment, which he refused because of "the increased risk to his handicap." The complaint did not allege a date of termination of employment, but in his opposition to the motion for summary judgment, plaintiff submitted to the trial court documents that allege his termination date was April 30, 1982. Burks first learned of the memorandum on November 3, 1982. On December 3, 1982, Indiana Bell refused Burks's request for a copy of the memorandum. His complaint for defamation was filed on November 1, 1984, but Burks did not obtain a copy of the memorandum until May 10, 1985, in the course of the ensuing litigation. Alleging that the Rushmore memorandum caused Indiana Bell to fail to "accommodate the plaintiff with his handicap," Burks's complaint seeks damages for lost income and benefits and for damage to his reputation within Indiana Bell.

The portion of the general statute of limitations applicable to defamation actions, Ind.Code § 34-1-2-2(1), provides:

The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

(1) For injuries to person or character, ... within two (2) years.

Citing *Chacharis* and *Kaletha* as primary supporting authority, Rushmore contends that a cause of action for defamation accrues, and the statute of limitations thus begins to run, upon the publication of the allegedly defamatory material, not upon the discovery of the publication by the person allegedly defamed.

The cause of action in *Kaletha* alleged the intentional infliction of emotional distress by defamatory conduct. Plaintiff's complaint was filed more than two years after the publication of the alleged defamatory letter, but within two years after plaintiff became aware of its contents. The Court of Appeals held that the statute of limitations began to run upon the date of publication. *Kaletha,* at 660, 383 N.E.2d at 1075. Similarly, the Court of Appeals in *Chacharis* held that the statute of limitations in an action for defamation by pleading commences to run upon publication, rather than upon a judicial determination that the matter is not privileged. 438 N.E. 2d at 1033. Both decisions preceded *Barnes v. A.H. Robins Co., Inc.* (1985), Ind., 476 N.E.2d 84, which Burks claims should control. In *Barnes,* this Court recognized a discovery rule to determine when the statute of limitations begins to run where the claimed injury was "caused by a disease which may have been contracted as a result of a protracted exposure to a foreign substance." 476 N.E.2d at 87.

The sole issue before us is the interpretation to be given the phrase "after the cause of action accrued" in the general statute of limitations, Ind.Code § 34–1–2–2.[1] In enacting this statute, the legislature designated the reasonable time for bringing an action and left to the courts the responsibility of determining when the cause accrues. *Barnes,* 476 N.E.2d at 86–87.

Prior to *Barnes,* a degree of divergence could be found in the decisions of this Court interpreting and applying statutes of limitation. Numerous cases recognized that the statute of limitations begins to run upon the occurrence of damage capable of ascertainment. The rule was stated in *Montgomery v. Crum* (1928), 199 Ind. 660, 678–679, 161 N.E. 251, 258–59, as follows:

Many authorities have been cited in support of the well-settled rule that 'for injuries to person or character,' the statute of limitations begins to run from the time a cause of action accrues, but the accrual of a cause of action, it must be remembered, depends upon the uniting of at least two elements—injury and damages.... The two-year statute of limitations will not begin to run as a shield against the consequences of wrongful acts until the wrongdoer thereby accomplishes an injury to the person of another, for which the law allows indemnity in the form of damages, that is to say, damages susceptible of ascertainment, for not until then would the cause of action accrue to invoke the statute.

The "uniform rule" was restated in *Marengo Cave Co. v. Ross* (1937), 212 Ind. 624, 636, 10 N.E.2d 917, 922:

[T]he statute of limitations does not begin to run until the injured party discovers, or with reasonable diligence might have discovered, the facts constituting the injury and cause of action.

Other cases supporting this view include *City of North Vernon v. Voegler* (1885), 103 Ind. 314, 2 N.E. 821, and *Board of Commissioners of Wabash County v. Pearson* (1889), 120 Ind. 426, 22 N.E. 134.

In contrast, this Court refused to apply the "susceptible of ascertainment" rule to determine when an action accrues in *Cra-*

---

**1.** This opinion does not address the application of statutes of limitation or repose that by their language commence not upon accrual but rather upon the happening of a specified event. *See, e.g.,* Ind.Code § 16–9.5–3–1 (medical malpractice action limitation period generally begins with "date of the alleged act, omission, or neglect"); Ind.Code § 33–1–1.5–5 (product liability statute of repose applies ten years "after delivery of the product to the initial user or consumer"); Ind.Code § 34–4–20–3 (statute of repose for damage actions based on deficiencies in improvements to real property commences ten years "from the date of substantial completion" or twelve years "after the completion and submission of plans and specifications to the owner if the action is for deficiency in design"); Ind.Code § 22–3–7–9(f) (limitation period in worker's occupational disease claims begins "after the last day of the last exposure to the hazards of the disease").

*ven v. Craven* (1913) 181 Ind. 553, 103 N.E. 333, and *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281. Dicta found in *Guy v. Schuldt* (1956) 236 Ind. 101, 108, 138 N.E.2d 891, 895, recited that "[a] cause of action normally accrues when the injurious action occurs although the plaintiff may not learn of the injurious act until later."

Any inconsistency was resolved in *Barnes,* wherein this Court declared:

> [T]he rule in Indiana has been generally understood to be that a cause of action accrues when the resultant damage of a negligent act is ascertainable or by due diligence could be ascertained,....

476 N.E.2d at 86.

Because it was addressing the uncommon situation of disease resulting from protracted exposure to foreign substance, the *Barnes* court noted that "the question still remained as to how ascertainable a particular injury was and what standard would be applied as to what is reasonably ascertainable." *Id.* This Court then held that in such cases the standard to be applied was that the statute of limitations commences to run "from the date plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Id.* at 87–88. In *Barnes,* this Court expressly declined the opportunity to render an advisory opinion applicable to all tort cases. *Id.* at 87. While refusing to go beyond the scope of the certified question there presented, we did not in *Barnes* offer any rationale suggesting that the discovery rule was necessarily inappropriate in other contexts.

The pre-existing general rule acknowledged in *Barnes,* that the statute of limitations begins to run upon ascertainability of actionable damage, provides the proper basis for resolution of the present case. Thus, the statute of limitations applicable to Burks commenced to run when resultant damage was ascertained or ascertainable by due diligence. This is a matter for determination by the trial court with reference to the nature of the harm for which a plaintiff seeks damages. The ascertainability of damage in the present case cannot be determined by reference to the date of publication, but rather by evaluation of the nature and circumstances of the information known or reasonably discoverable by Burks beginning at the initial point of his claimed harm, the employer's order for him to resume work at another assignment.

■ The statute of limitations is a defense available to Rushmore if Burks failed to commence this action within two years after actionable harm could have been reasonably ascertained. When the applicability of the statute of limitations rests upon questions of fact, it is generally an issue for jury determination. *Montgomery,* 199 Ind. 660, 161 N.E. 251; *Monsanto Co. v. Miller* (1983), Ind.App., 455 N.E.2d 392; *Babson Bros. Co. v. Tipstar* (1983), Ind. App., 446 N.E.2d 11; *Winston v. Kirkpatrick* (1941) 110 Ind.App. 183, 37 N.E.2d 18.

As proponent of summary judgment, it is Rushmore's burden to establish that the action was commenced more than two years after the point in time at which Burks could have reasonably ascertained damage resulting from the alleged defamation. It is at this point that the cause of action accrued and the general statute of limitations began to run.

Rushmore further contends that the claim should be barred by the failure of Burks to commence the action within a reasonable time following discovery of the alleged defamation, citing *Spoljaric v. Pangan* (1984), Ind.App., 466 N.E.2d 37. The harshness which may result from the application of a statute of limitations has been avoided by judicial recognition of certain exceptions. One of these exceptions is the doctrine of fraudulent concealment which operates as an equitable doctrine to estop a defendant from asserting a statute of limitations when he has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action. *Guy,* 236 Ind. 101, 138 N.E.2d 891; *Ferrell v. Geisler* (1987), Ind.App., 505 N.E.2d 137; *Spoljaric,* 466 N.E.2d 37. This fraudulent concealment exception does not establish a new date that triggers the commencement of

the full statutory limitation period, but rather creates an equitable exception. For a plaintiff to benefit therefrom, the plaintiff must exercise due diligence in the filing of an action after the equitable grounds cease to operate as a valid basis for inducing the plaintiff's delay. *Spoljaric*, 466 N.E.2d at 45.

Because the limitation period at issue here is triggered not by the happening of a specified event but rather by the accrual of a cause of action, and because such accrual occurs only upon reasonable ascertainability of actionable damage, resort to the fraudulent concealment exception is not needed.

Considering the matters before the trial judge at the time of his consideration of Rushmore's motion for summary judgment, we find that Rushmore failed to establish that the plaintiff suffered ascertainable harm more than two years before the commencement of his action.

Summary judgment is reversed, and this cause is remanded to the trial court for further proceedings.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.