Donald F. STRUTZ, Appellant
(Plaintiff Below),

v.

William F. McNAGNY, et al., George T. Boggs, et al., Appellees
(Defendants Below).

No. 02A03–8906–CV–266.

Court of Appeals of Indiana,
Third District.

Aug. 27, 1990.

Arthur H. Gemmer, Indianapolis, for appellant.

Evan E. Steger, Ice Miller Donadio & Ryan, Indianapolis, for appellees.

STATON, Judge.

Donald F. Strutz (Strutz) appeals a grant of summary judgment. His appeal raises seven issues for our review, which we consolidate and rephrase as follows:

I. Whether the trial court properly considered findings of fact and conclusions of law from another civil case wherein the court had reserved final judgment in ruling on defendants' motion for summary judgment.

II. Whether the trial court erred in granting summary judgment where defendants' pleadings were unverified and defendants failed to respond to plaintiff's opposing "motion."

III. Whether Strutz was denied due process rights by the holding of a hearing on motion for summary judgment without the presence of Strutz's co-counsel and by the holding of a hearing on imposition of attorneys' fees without notifying Strutz or his co-counsel.

IV. Whether the trial court erred in refusing to rule on Strutz's post-judgment motions.

V. Whether the clerk erred in refusing to grant Strutz' Trial Rule 53.1 "lazy judge" motion.

VI. Whether the trial court erred in assessing attorneys fees against Strutz pursuant to IND.CODE 34–1–32–1 (Supp.1990).

We affirm in part and reverse in part.

This case is one of several arising out of a trust accounting action brought by trusts of which Donald F. Strutz, an attorney, was a beneficiary. Because of facts which were unearthed in that action, suit was filed against Strutz for professional malpractice and unjust enrichment. The malpractice/unjust enrichment action was voluntarily dismissed, with the court instruct-

ing that the claims could be pursued in the original accounting action to avoid unneeded litigation. Strutz then brought this action, alleging that William F. McNagny and George T. Boggs and their respective law firms (McNagny and Boggs), attorneys in both actions, were liable for abuse of process, malicious prosecution, slander, libel, and defamation.

The trial court granted McNagny and Boggs' motion for summary judgment, and assessed attorneys fees and costs to Strutz pursuant to IC 34-1-32-1.

## I.

*Findings of Fact and Conclusions of Law from the Accounting Action*

Strutz does not challenge the merits of the summary judgment, but contends instead that the trial court improperly considered findings of fact and conclusions of law from the original trust accounting action in arriving at its decision. In that action, the court made extensive findings and conclusions relating to Strutz, although Strutz was not technically a party to the action. The court found that the lawsuit was actually being maintained by Strutz, and not the trustee of the trusts; that the action was actually one between attorney and client; that Strutz was guilty of exerting fraud and undue influence over his client; and that Strutz had violated numerous ethical rules governing the attorney-client relationship. These findings of fact and conclusions of law were attached as an exhibit to McNagny and Boggs' Answer and were referred to in their Brief in Support of Motion for Summary Judgment.

Strutz points out that the trial court did not enter a final judgment in the accounting action, since it found that issues remained to be litigated. He also argues that since he was not a party to that action, none of his rights were litigated. Therefore, he argues that the summary judgment should be reversed, since the trial court based its decision on these findings and conclusions.

■ Before addressing the propriety of considering the findings of fact and conclu-

sions of law in the accounting action, it is necessary for us to examine the trial court's decision in order to determine if the findings and conclusions were a necessary factor to support the trial court's decision. This task is more difficult by virtue of the trial court's failure to make findings of fact and conclusions of law in support of its grant of summary judgment. Of course, such findings are not necessary, nor is the absence of them fatal to the judgment, but when they are placed into the record, they facilitate appellate review. *Jenkins v. Nebo Properties, Inc.* (1982), Ind.App., 439 N.E.2d 686, 690, *transfer denied.* The standard upon review of a grant of summary judgment is the same as that of the trial court. We look at the record to determine whether there are genuine issues of material fact which would preclude entry of judgment in favor of the movant, and whether the trial court correctly applied the law. All doubts or inferences are resolved in favor of the nonmovant. *Mauller v. City of Columbus* (1990), Ind.App., 552 N.E.2d 500, 502. We will affirm if the judgment is sustainable upon any theory supported by the record. *Schultz v. Hodus* (1989), Ind. App., 535 N.E.2d 1235, 1236, *rehearing denied.*

■ Count I of the complaint alleges a cause of action for abuse of process for the malpractice/unjust enrichment action filed on June 28, 1984. A cause of action for abuse of process accrues when the act complained of—here, the filing of the complaint in the malpractice/unjust enrichment action—is committed. *Cassidy v. Cain* (1969), 145 Ind.App. 581, 251 N.E.2d 852, 857, *transfer denied.* The complaint in the present action was filed on February 16, 1988. Thus, on the face of the complaint, the two-year statute of limitations for abuse of process had run, and summary judgment was appropriate on this count without considering the findings of fact and conclusions of law in the prior action. IC 34-1-2-2.

■ Count II alleged that the defendants were guilty of malicious prosecution for initiating the malpractice/unjust enrichment action. The elements of a malicious

prosecution action are: (1) that the defendant instituted, or caused to be instituted, a prosecution against the plaintiff; (2) the defendant acted with malice in doing so; (3) the prosecution was instituted without probable cause; and (4) the prosecution terminated in the plaintiff's favor. *Lazarus Dept. Store v. Sutherlin* (1989), Ind. App., 544 N.E.2d 513, 519, *transfer denied.* On the face of his complaint, Strutz fails to establish the final element.

■ Although it is true that withdrawal of the proceedings by the person bringing them may constitute a favorable termination for purposes of an action for malicious prosecution, *Sasse v. Rogers* (1907), 40 Ind.App. 197, 81 N.E. 590, the court may not ignore the context in which the proceedings were terminated. *Wong v. Tabor* (1981), Ind.App., 422 N.E.2d 1279, 1284. Here, Strutz attached the dismissal order of the court in the prior action as an exhibit to his complaint. The order stated that the plaintiffs had stipulated to the dismissal of the action upon the grounds that any and all of the claims contained in the complaint could be pursued in any action brought against them. The clear purpose of the order was to allow the plaintiffs to assert their claims in the accounting action in order to eliminate needless litigation, and that was what the plaintiffs in fact did. This can hardly be called a termination favorable to Strutz. This conclusion is supported by the fact that Strutz contested the order both in the trial court and on appeal, and lost in both forums. Thus, summary judgment was appropriate on Count II.

■ McNagny and Boggs note that "[t]he allegations of Count III are so bizarre it is difficult to respond." Appellee's brief at 22. We agree. Strutz alleges that McNagny and Boggs were guilty of abuse of process and malicious prosecution for asserting the claims against him in the accounting action but without making him a party to the lawsuit. Clearly, this allegation on its face fails to meet the requirement that an action or process be instituted against the plaintiff in order to sustain either cause of action. There is no cause of action in Indiana for abusive failure to issue process or malicious failure to prosecute.

■ Count IV of Strutz' complaint alleges libel, slander, and defamation in the complaint filed on June 28, 1984. On the face of the complaint, the cause of action had accrued on that date due to the publication of the matter complained of in the complaint, and the two-year statute of limitations had run long before Strutz' complaint was filed on February 16, 1988. IC 34-1-2-2; *Chacharis v. Fadell* (1982), Ind. App., 438 N.E.2d 1032. Moreover, statements contained in pleadings are privileged to the extent that they are pertinent or relevant to the litigation. *Chacharis, supra,* at 1033. The statements Strutz complains of allege "that Donald F. Strutz was guilty of professional malpractice and that he had unjustly enriched himself at the expense of his client, one James M. Gladieux and said client's company." Strutz' complaint, p. 2. It hardly needs to be noted that those allegations are clearly relevant, even necessary, to an action for malpractice and unjust enrichment.

Our analysis reveals that there were sufficient grounds to grant summary judgment to McNagny and Boggs on each Count of Strutz' complaint without reference to the findings of fact and conclusions of law in the accounting action. We need not examine the propriety of the consideration of those findings, since any error predicated on those grounds would be harmless.

## II.

### *Verification of Motion*

Strutz next notes that McNagny and Boggs' answer and motion for summary judgment were not verified. Therefore, he contends that the allegations in his verified complaint were not denied under oath, and should be deemed admitted. Since the trial court could have granted summary judgment in his favor pursuant to Trial Rule 56(B) even though McNagny and Boggs filed the motion, Strutz argues that he is

entitled to summary judgment pursuant to Trial Rule 56(E).[1]

■■■ Trial Rule 11(A) provides: "Except when specifically required by rule, pleadings or motions need not be verified or accompanied by affidavit." No rule requires answers or motions for summary judgment to be verified, and Trial Rule 56(A) allows the party to move "with or without supporting affidavits" for summary judgment. Therefore, Strutz' argument has no merit.

### III.

### *Right to Assistance of Counsel*

■■■ Five days prior to the hearing on the motion for summary judgment, Strutz filed an appearance of co-counsel and moved for continuance of the hearing in order to allow his co-counsel to review the file. The documents were lost by the clerk. Strutz attended the hearing, pointed out to the judge that he had retained co-counsel, and exhibited his mailed copies of the documents, but the judge found no evidence in the court's file of the documents and denied Strutz' oral motion for a continuance:

The Court informed the plaintiff that since two motions

heard on October 18, 1988 had been set on July 21, 1988[,] that the Summary Judgment had been set since September 30, 1988, and that since attorney Arthur H. Gemmer did not appear or pursue a ruling on the request for continuance, and that since the plaintiff had adequate time to have obtained co-counsel, the court would not delay the hearing.

Record, p. 186, 11. 7–14. Arguments were heard from both Strutz and the plaintiffs on the motion.

After the hearing the court entered a Nunc Pro Tunc order showing the appearance and motion for continuance.

Strutz argues that he was deprived of due process and a right to counsel, and complains that he was subjected to an *ex parte* hearing which substantially affected his rights. Black's Law Dictionary states:

A judicial proceeding, order, injunction, etc. is said to be *ex parte* when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested.

Black's Law Dictionary 517 (4th ed. 1979). Here, both parties were present, and Strutz participated in the hearing. Although it is true that Strutz did not have the benefit of having co-counsel at the hearing, we are not aware of any authority and the parties have not cited us any authority that states that a party has a right to multiple attorneys at a hearing.

■■■ The decision to grant or deny a continuance rests in the sound discretion of the trial judge, and will not be reversed in the absence of a clear abuse of discretion. *Locals 5800, 5714 v. Beckman* (1989), Ind. App., 540 N.E.2d 117, 125. However, an abuse of discretion may be found if good cause is shown for the continuance. *Koors v. Great Southwest Fire Ins. Co.* (1988), Ind.App., 530 N.E.2d 780, 783. This is not, however, a case where counsel has unexpectedly withdrawn and left an inexperienced layman to fend for himself in the unfamiliar forum of the courtroom. *See, Koors, supra.* Even in that situation, the Court in *Koors* noted that "[t]he unexpected withdrawal of counsel, untimely though it may be, does not necessarily entitle a party to a continuance when it is not shown that counsel thereafter employed was unable to prepare and conduct a proper case." Here, Strutz was acting as his own counsel, and the record reveals that he continued to act as his own counsel throughout the litigation of this claim, even after he had retained co-counsel. Since he filed the complaint and had participated in

1. Trial Rule 56(E) provides in relevant part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provid-
ed in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

the case up to the time of the hearing, he was certainly aware of the issues and arguments to be addressed at the hearing. As the learned trial judge pointed out, neither Strutz or his co-counsel pursued the continuance to see if it was granted. A simple telephone call to the clerk would have averted the situation.

Finally, this is not the first time that Strutz had raised this request and been denied. He filed an earlier extension of time, which included a request to continue the hearing. This request and the motion to reconsider on the same grounds were denied. In the motion to reconsider, Strutz indicated that he had retained co-counsel. He does not appeal either of those denials. We cannot find that the failure to grant this third motion for continuance was an abuse of discretion by the trial judge.

Strutz also contends that his rights were prejudiced by the holding of an *ex parte* hearing on the IC 34–1–32–1 motion for attorneys' fees. The record reveals that a hearing was set on that motion, and that the defendants were to notify of the time and date. Although the certificate of service on the motion indicates that a copy of the motion was sent to Strutz, the record does not indicate that Strutz or his co-counsel ever received notice of the hearing. The hearing was held, and neither Strutz or his co-counsel were present. Attorneys fees were awarded to McNagny and Boggs.

■ The statute does not explicitly require a hearing to be held on the motion, but once the court has set a hearing, notice must be given to both parties and arguments for both sides must be heard unless one party fails to appear. Since the record does not indicate that Strutz had been notified, the trial court on remand must hold another hearing on this motion unless McNagny and Boggs can show that they did notify Strutz.

### IV.

#### Failure to Rule on Motion to Correct Errors

■ Strutz' next assignment of error alleges that the court erred in failing to rule on his motion to correct errors pursuant to amended Trial Rule 53.3 and failing to rule on two Trial Rule 60(B) motions for relief from judgment. Strutz himself is in error in raising these issues on appeal, since error can not be based on a court's failure to rule on a motion. *In Re Paternity of Tompkins* (1989), Ind.App., 542 N.E.2d 1009, 1012. The litigant's sole remedy is provided in Trial Rule 53.1. *Misner v. Presdorf* (1981), Ind.App., 421 N.E.2d 684, 687, *transfer denied*. Since Strutz did take advantage of that remedy, and raises it upon appeal, we will discuss it in Part V of this opinion.

### V.

#### "Lazy Judge" Motion

After the judge failed to rule on Strutz' post-judgment motions, Strutz filed a "Praecipe Withdrawing Submission and Disqualifying Judge" pursuant to Trial Rule 53.1. Commonly called the "lazy judge" rule, Trial Rule 53.1 provides a remedy for a litigant whose motion has not been ruled on by the trial judge in the prescribed amount of time. The procedure to be followed by the litigant once the time for ruling on the motion has expired is set out in section (E) of that rule:

(E) Procedure for Withdrawing Submission. Upon the filing by an interested party of a praecipe specifically designating the motion or decision delayed, the Clerk of the court shall enter the date and time of the filing in the Clerk's praecipe book, record the filing in the docket under the cause, and determine whether or not a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2.

(1) If the Clerk determines that the ruling or decision has not been delayed, the Clerk shall notify in writing all parties of record in the proceeding and enter a notation of this determination in the docket under the cause.

(2) If the Clerk determines that a ruling or decision has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2, the Clerk shall give written

notice to the judge of the cause and the Supreme Court of Indiana that submission of the cause has been withdrawn effective as of the time of the filing of the praecipe and enter a notation of this determination in the docket under the cause.

 The clerk denied Strutz' motion, and Strutz now appeals that denial. The proper remedy for challenging the denial of a Trial Rule 53.1(E) lazy judge motion is to seek a Writ of Mandate from the Indiana Supreme Court to compel the clerk to give notice and disqualify the judge. *Weber v. Electrostatic Engineering, Inc.* (1984), Ind.App., 465 N.E.2d 1152, 1153. Strutz was aware of this remedy; in fact, he argues it in his brief. If Strutz somehow imagines that the existence of this remedy is a basis for appeal to this court, he is sorely in error. The purpose of the lazy judge provision is to expedite litigation, hence the availability of the writ of mandate. *Id.* at 1154. Such a purpose is not fostered by protracted appeals. Through his failure to utilize the proper remedy, Strutz has waived any error.

## VI.

### Award of Attorneys' Fees

Strutz' final argument on appeal involves the award of attorneys fees to McNagny and Boggs pursuant to IC 34–1–32–1. Although we are remanding for a new hearing on that motion, we will address this issue, as it is likely to be raised at the hearing.

Strutz makes the convoluted argument that the remedy under IC 34–1–32–1 is available to only the prevailing party, and since a prevailing party is one who receives an affirmative judgment, and the court here entered a "negative determination", McNagny and Boggs were not entitled to attorneys fees.[2]

IC 34–1–32–1(b) provides:

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

 We find Strutz' contentions to be wholly without merit. It is obvious from its context in the statute that the term "prevailing party" denotes a party who successfully prosecutes his claim or asserts his defense. Blacks Law Dictionary 1069 (5th ed.1979). A party who is granted summary judgment is clearly the prevailing party. *Komasinski v. I.R.S.* (N.D.Ind.1984) 588 F.Supp. 974, 978 (dismissal for failure to state a claim). Strutz invites us to elevate form over substance and hold that the controlling factor under the statute is whether the judge has chosen to word his judgment in the affirmative rather than the negative. We will not accept that invitation.

The summary judgment of the trial court is affirmed. The order of the trial court granting attorneys fees is vacated and the cause is remanded for a new hearing with proper notice.

HOFFMAN, P.J., and CHEZEM, J., concur.

---

**2.** The judgment of the trial court reads:
Summary judgment is entered that the plaintiff take nothing by his complaint against defendants.
Record, p. 180, 11. 8–9. Strutz cites several cases which define a "prevailing party" to be one in whose favor an affirmative judgment is rendered. *See e.g., Mainlands Construction Co., Inc. v. Wen–Dic Construction Co., Inc.* (1986), Fla., 482 So.2d 1369, 1370–71.