Janet E. PITTS, Plaintiff-Appellant,

v.

UNARCO INDUSTRIES, INC., et al.,
Defendants-Appellees.

No. 82–2071.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 19, 1983.

Decided July 11, 1983.

As Amended July 22, 1983.

Certiorari Denied Nov. 28, 1983.
See 104 S.Ct. 509.

See also, 7 Cir., 698 F.2d 313.

Thomas H. Terry, III, Cleveland, Ohio, for plaintiff-appellant.

Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder, Fort Wayne, Ind., Douglas B. King, Wooden, McLaughlin & Sterner, Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and ASPEN, District Judge.*

CUMMINGS, Chief Judge.

The principal issues in this appeal are whether plaintiff was denied a fair opportunity to oppose defendants' motions for summary judgment and whether an unaccrued cause of action for wrongful death is a species of property protected by the Fourteenth Amendment and abrogated by the applicability of a ten-year Indiana statute of limitations.

Some 20 months following the death of her husband from lung disease, plaintiff, a resident of Indiana, commenced this wrongful death diversity action against 16 corporations, all residents of other states. Plaintiff alleged that each did business in Indiana and was involved at some stage in the production and distribution in Indiana of products containing asbestos. Plaintiff's husband had been an asbestos insulation mechanic during the years 1950 through 1979 and she claimed that asbestos-containing products produced and distributed by defendants caused his death. She sought $1,500,000 in compensatory damages and $1,000,000 in punitive damages. Her complaint was in five counts: Count I charged negligence; Count II, strict liability; Count III, breach of implied warranties of merchantability and fitness; Count IV, conspiracy to keep from the public information about the health risks associated with asbestos; and Count V charged loss of consortium. Plaintiff abandoned Count V and on May 13, 1982, the trial court dismissed with prejudice Counts III and IV for failure to state a claim for relief, and struck from the complaint plaintiff's prayer for punitive damages. This appeal does not question these rulings. But on June 9th, the court granted final summary judgment in favor of six defendants on Counts I and II.[1] This appeal is from that summary judgment.

I

Plaintiff first claims that she did not have an adequate opportunity to oppose the remaining six defendants' summary judgment motions. On June 1st before granting those motions, the trial court ruled that the ten-year statute of limitations in Indiana's Product Liability Act, Ind.Code § 33–1–1.5–5 (1981),[2] applied to plaintiff's wrongful death suit, and that under that statute unless it appeared that each defendant had delivered an asbestos-containing product to plaintiff's husband or his employer within the ten-year period preceding the date

* The Honorable Marvin E. Aspen, District Judge of the Northern District of Illinois, is sitting by designation.

1. A seventh defendant had been dismissed for want of service and the other nine settled with plaintiff.

2. Indiana Code § 33–1–1.5–5 (Burns IC 34–4–20A–5) provides:
   33–1–1.5–5 Statute of limitations
   Sec. 5. Statute of Limitations. This section applies to all persons regardless of minority or legal disability. Notwithstanding IC 34–1–2–5, any product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer; except that, if the cause of action accrues more than eight (8) years but not more than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

plaintiff filed suit, her claim against that defendant would be time-barred. When the trial court issued this ruling, plaintiff had yet to present her argument about which statute of limitations should apply, and she claims that she was entitled to an opportunity to do so. But the ruling was not a judgment of any sort; it was simply a preliminary statement of the court's understanding of the law after having read several defense motions and supporting memoranda that had been filed five days earlier. Plaintiff had ample opportunity to respond to those motions and to challenge the court's understanding of the law and did so by filing a motion to reconsider on June 3 and two supporting briefs and affidavits on June 4 and 7. On June 7 and 8 the court considered the respective submissions and oral arguments of the parties in open court (plaintiff's App. 231–236; defendants' App. 89–92) before determining whether any defendants had delivered asbestos-containing products during the 10 years preceding the commencement of this suit and whether the ten-year statute of limitations barred suit. Plaintiff thus fully responded to defendants' motions—by filing affidavits and two briefs challenging, on constitutional and choice-of-law grounds, the applicability of the ten-year statute of limitations. Plaintiff had further opportunity to pursue those arguments during the June 7 and 8 hearings.

While plaintiff's motion to reconsider mentioned Local Rule 10 of the Southern District of Indiana providing 15 days to file opposition to a summary judgment motion, she merely requested

> "an opportunity to present a response to the motion for partial summary judgment and further, for an opportunity to present in open court argument and testimony regarding the issues raised in the motions for partial summary judgment filed on behalf of all defendants in this matter." (Defendants' App. 86.)

Since she was accorded that opportunity, no reversible error was committed in receiving her affidavits and briefs on June 4 and 7 and considering her submissions and oral argument on June 7 and 8 before granting the summary judgment motions on June 9.

## II

■ Second, plaintiff contends that the ten-year statute of limitations was tolled by defendants' fraudulent concealment of their tortious conduct. This contention was not advanced below and therefore need not be considered for the first time on appeal. *Ohio Casualty Insurance Co. v. R.J. Rynearson,* 507 F.2d 573 (7th Cir.1974). Nevertheless, plaintiff argues in her reply brief that Count IV of the complaint contains an allegation of fraudulent concealment, but that Count was dismissed with prejudice on May 13, almost four weeks before summary judgment was granted, and plaintiff has not challenged that dismissal on this appeal. In any event, the allegations in Count IV are insufficient to charge defendants with fraudulent concealment.[3]

---

3. Paragraph 37 of conspiracy Count IV realleges paragraphs 1 through 36 of the complaint, but plaintiff does not assert that any of those paragraphs raised fraudulent concealment. The remainder of Count IV is as follows:

> 38. Defendants, collectively and individually, have possessed since at least 1929 medical and scientific data which clearly indicated that asbestos-containing products were hazardous to the health and safety of plaintiff's decedent, Donald E. Pitts, and others exposed to asbestos-containing products.
>
> 39. Defendants, collectively and individually, knew or reasonably should have anticipated that plaintiff's decedent, Donald E. Pitts, and others in his position would be exposed to the asbestos-containing products produced by the defendants.
>
> 40. Defendants, prompted by pecuniary motives, collectively and individually, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and in particular the users of asbestos-containing products and their families of this information, thereby denying plaintiff's decedent, Donald E. Pitts, and others exposed to asbestos-containing products of the opportunity of free choice as to whether to be exposed to the asbestos-containing products produced by the defendants.
>
> 41. Defendants' conduct complained of above directly and proximately caused the plaintiff's decedent's injuries and death.
>
> 42. By reason of the premises, defendants are liable, jointly and severally, to the plain-

Rule 9(b) of the Federal Civil Rules requires that fraud be pleaded with particularity. The only particular conduct charged in Count IV is that defendants withheld information from the public. Passive silence, however, is insufficient to trigger the fraudulent concealment doctrine, absent allegations that the defendants were in a continuing fiduciary relationship with the plaintiff. *Morgan v. Koch,* 419 F.2d 993, 998–999 (7th Cir.1969); *Guy v. Schuldt,* 138 N.E.2d 891, 895 (Ind.1956); *Whitehouse v. Quinn,* 443 N.E.2d 332, 339 (Ind.App.1982); *Forth v. Forth,* 409 N.E.2d 641, 645 (Ind. App.1980); *French v. Hickman Moving & Storage,* 400 N.E.2d 1384 (Ind.App.1980). Count IV contains no allegations of any fiduciary relationship.

### III

Plaintiff's third claim is that the ten-year statute of limitations in the Product Liability Act is unconstitutional as applied to her because it deprives her of property without due process of law. An accrued cause of action is a right of property protected by the Fourteenth Amendment, *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265; an unaccrued cause of action is not. *Silver v. Silver,* 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221; *Munn v. Illinois,* 94 U.S. 113, 134, 24 L.Ed. 77; *Martin v. Pittsburg & L.E.R. Co.,* 203 U.S. 284, 295, 27 S.Ct. 100, 102, 51 L.Ed. 184; *Ducharme v. Merrill-National Laboratories,* 574 F.2d 1307 (5th Cir. 1978), certiorari denied, 439 U.S. 1002, 96 S.Ct. 612, 58 L.Ed.2d 677; *Carr v. United States,* 422 F.2d 1007 (4th Cir.1970). The Indiana legislature could, if it wanted, do away entirely with wrongful death actions beginning tomorrow even though there are probably some persons with living spouses who hope that the wrongful death statute, Ind.Code § 34–1–1–2 (1981), remains on the books in case their spouses are ever killed because of someone else's negligence. Such a hope is protected by the voting booth, not by the federal courts. *Munn v. Illinois,* 94 U.S. 113, 134, 24 L.Ed. 77. Plaintiff's cause

of action had not yet accrued when the Indiana legislature adopted the ten-year statute of limitations contained in the Product Liability Act. Her right to sue for her husband's wrongful death vested when her husband died, *Fisk v. United States,* 657 F.2d 167 (7th Cir.1981); *Dague v. Piper Aircraft Corp.,* 418 N.E.2d 207 (Ind.1981), and he died some two years after the Product Liability Act was passed. The change in the law therefore caused her no loss of property.

Even if she had a property right in this unaccrued cause of action, we cannot accept plaintiff's argument that the Indiana Product Liability Act's ten-year statute of repose violates due process under the federal and Indiana Constitutions. An identical argument was rejected by the Indiana Supreme Court in another asbestos case (after the briefing herein) as to the three-year limitations contained in the Indiana Occupational Diseases Act. *Bunker v. National Gypsum Company,* 441 N.E.2d 8 (1982). In *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–357, 62 L.Ed.2d 259, the constitutionality of a two-year federal statute of limitations was assumed for the following reasons:

> Statutes of limitations which "are found and approved in all systems of enlightened jurisprudence," *Wood v. Carpenter,* 101 U.S. 135, 139 [25 L.Ed. 807] (1879), represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 349 [64 S.Ct. 582, 586, 88 L.Ed. 788] (1944). These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or

tiff for the injuries and damages described above. (Plaintiff's App. 49–50.)

disappearance of witnesses, fading memories, disappearance of documents, or otherwise. *United States v. Marion*, 404 U.S. 307, 322, n. 14 [92 S.Ct. 455, 464, n. 14, 30 L.Ed.2d 468] (1971); *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428 [85 S.Ct. 1050, 1054–1055, 13 L.Ed.2d 941] (1965); *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314 [65 S.Ct. 1137, 1142, 89 L.Ed. 1628] (1945); *Missouri, K. & T.R. Co. v. Harriman*, 227 U.S. 657, 672 [33 S.Ct. 397, 401, 57 L.Ed. 690] (1913); *Bell v. Morrison*, 1 Pet. 351, 360 [26 U.S. 351, 7 L.Ed. 174] (1828).

Section 2401(b), the limitations provision involved here, is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. *Campbell v. Haverhill*, 155 U.S. 610, 617, 15 S.Ct. 217, 220, 39 L.Ed. 280 (1895); *Bell v. Morrison, supra,* at 360, 7 L.Ed. 174. We should regard the plea of limitations as a "meritorious defense, in itself serving a public interest." *Guaranty Trust Co. v. United States,* 304 U.S. 126, 136, 58 S.Ct. 785, 790, 82 L.Ed. 1224 (1938).

In *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, a Minnesota six-year statute of limitations was sustained over charges that it violated the due process and equal protection clauses of the Fourteenth Amendment.

The above examples are sufficient to persuade us that plaintiff's due process argument must be rejected.

## IV

■ Plaintiff's final claim is that applying to her suit the ten-year limitations statute denies her "the equal protection of the laws" guaranteed by the Fourteenth Amendment. The ten-year limitations rule creates two classes of people: those injured by products more than ten years old and those injured by products less than ten years old. Those in the first class are pre-

vented from bringing suit upon the same causes of action that those in the second class can bring. The effect of this is to lessen the risk of loss—*i.e.,* from having to pay for injuries resulting from use of a defective product—manufacturers face when they place a product into the stream of commerce. That is a legitimate legislative purpose, and it is not the courts' business to instruct the Indiana legislature when it is better for consumers than producers to bear that risk. See *Simpson v. United States,* 652 F.2d 831, 833–834 (9th Cir.1981); *DiAntonio v. Northampton-Accomack Memorial Hospital,* 628 F.2d 287, 291 (4th Cir.1980).

In *Bunker v. National Gypsum Company, supra,* also involving an asbestos-related disease, the Indiana Supreme Court rejected an equal protection clause argument similar to plaintiff's.[4] And the Supreme Court of the United States did likewise in a related setting in *Chase Securities Corp., supra.*

Since the privileges and immunities clause in Article I, Section 23 of the Indiana Constitution affords plaintiff the same protection as does the Fourteenth Amendment Equal Protection Clause, *Huff v. White Motor Corp.,* 609 F.2d 286, 298 (7th Cir.1979); *Haas v. South Bend Community School Corp.,* 259 Ind. 515, 289 N.E.2d 495 (Ind. 1972), we reject for the same reasons plaintiff's claim under that provision. And again *Bunker, supra,* is on point because there the three-year statute of limitations in the Indiana Occupational Diseases Act was held "to be constitutional in all respects" (441 N.E.2d 14) even though dissenting Justice Hunter thought its application would "defy * * * the privileges and immunities guaranteed our citizens * * * " (441 N.E.2d 18).

Pitts was not left without recourse by this statute of limitations. Since nine defendants could not take advantage of the statute, they were not immunized and indeed settled with plaintiff (note 1 *supra*), thus vitiating Pitts' claim that the statute contravened the Indiana privileges and im-

4. See also *Johnson v. St. Vincent Hospital, Inc.,* 404 N.E.2d 585 (Ind.Sup.Ct.1980).

munities clause by conferring blanket immunity to all asbestos producers. Instead the statute must be sustained as reflecting the legislative twin goals of (a) repose and (b) reliance that stale claims will not be tolerated in view of loss of memories, witnesses or evidence.

Judgment affirmed.