Chriss CARR and Paula Carr, husband and wife; and on behalf of Andrew Brown, a minor child of Paula Carr, Plaintiffs,

v.

BEECH AIRCRAFT CORPORATION, a Delaware corporation; John Does and Jane Does 1–10; XYZ Companies 1–10, persons, sole proprietorships, partnerships and corporations, Defendants.

Barbara BECKMAN, surviving spouse of Neil Beckman, deceased, individually and on behalf of Paul Beckman and Brian Beckman, surviving minor children of Neil W. Beckman, deceased,

v.

BEECH AIRCRAFT CORPORATION, a Delaware corporation; John Does and Jane Does 1–10 and XYZ Companies 1–10, persons, sole proprietorships, partnerships and corporations, Defendants.

Nos. CIV 90–1222 PHX PGR, CIV 90–1223 PHX PGR.

United States District Court, D. Arizona.

Feb. 22, 1991.

Tower, Byrne, Beaugureau & Shaw, P.C., Phoenix, Ariz., Haralson, Kinerk & Morey, P.C., Tucson, Ariz., for plaintiffs.

Beer, Toone & Ryan, P.C., Thomas J. Dennis, Asst. Atty. Gen., Phoenix, Ariz., for defendants.

## MEMORANDUM OPINION AND ORDER

ROSENBLATT, District Judge.

On October 2, 1988, a 1969 Beech aircraft burst into flames after landing short of the runway at the airport in Scottsdale, Arizona, resulting in the death of pilot Neil W. Beckman and causing severe injuries to plaintiff Barbara Beckman, her minor child Paul Beckman, and plaintiffs Chriss Carr and Paula Carr. Plaintiff Beckman and plaintiffs Carr filed separate products liability actions in the Arizona Superior Court on July 3, 1990. Both complaints set forth two claims for relief: Count One of the Carr complaint and Count Two of the Beckman complaint allege that the aircraft was in a defective condition unreasonably dangerous to users and that the defendants are strictly liable in tort for the plaintiffs' injuries; Count Two of the Carr complaint and Count One of the Beckman complaint

allege that the aircraft was negligently designed and manufactured. Defendant Beech Aircraft Corporation timely removed both actions to this Court on the basis of diversity of citizenship jurisdiction. Since removal the Court has consolidated these actions pursuant to the stipulation of the parties and has permitted the State of Arizona to intervene pursuant to 28 U.S.C. § 2403(b).

The Court has pending before it defendant Beech's identical motions seeking partial summary judgment on the plaintiffs' strict products liability claims on the ground that those claims are barred by A.R.S. § 12–551, Arizona's 12–year statute of repose for product liability actions.[1] The defendant asserts, and the plaintiffs do not contest, that the aircraft in question was manufactured and first sold for use in 1969, nineteen years before the crash at issue occurred.[2] The plaintiffs have filed essentially identical responses wherein they argue that A.R.S. § 12–551 is void and unenforceable because it violates portions of the Arizona Constitution and the United States Constitution.[3] The State of Arizona has filed an amicus brief supporting the constitutionality of the statute. Having reviewed the record and the arguments of the parties, the Court finds that A.R.S. § 12–551 does not violate the equal protection or due process clauses of the fourteenth amendment and that the defendant is therefore entitled to entry of judgment in its favor as a matter of law on the plaintiffs' strict products liability claims pursuant to Fed.R.Civ.P. 56.

Statutes of repose, such as A.R.S. § 12–551, which are "door-closing" statutes preventing what otherwise might be a cause of action from ever arising when the injury occurs subsequent to the prescribed time period, are substantive provisions of state law which federal courts sitting in diversity are bound to follow under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Begay v. Kerr–McGee Corp.,* 682 F.2d 1311, 1316 (9th Cir.1982); *Wayne v. Tennessee Valley Authority,* 730 F.2d 392, 402 (5th Cir.1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985). Since A.R.S. § 12–551 would be a bar to the plaintiffs' strict products liability claims in the Arizona courts, it bars those claims from proceeding in this Court, *Olympic Sports Products, Inc. v. Universal Athletic Sales Co.,* 760 F.2d 910, 913 (9th Cir.1985), *cert. denied,* 474 U.S. 1060, 106 S.Ct. 804, 88 L.Ed.2d 780 (1986); *Begay,* 682 F.2d at 1316–17, unless the statute is found to infringe some constitutionally protected right or interest. *Bowman v. Niagara Machine and Tool Works, Inc.,* 832 F.2d 1052, 1057 (7th Cir.1987).

The plaintiffs' arguments that A.R.S. § 12–551 violates art. 18, § 6,[4] art.

---

1. A.R.S. § 12–551 provides:
 A product liability action as defined in § 12–681 shall be commenced and prosecuted within the period prescribed in § 12–542, except that no product liability action may be commenced and prosecuted if the cause of action accrues more than twelve years after the product was first sold for use or consumption, unless the cause of action is based upon the negligence of the manufacturer or seller or a breach of an express warranty provided by the manufacturer or seller.

2. Although support for the assertion that Beech aircraft was a 1969 model is found in the allegations of the complaints, the only support provided by the defendant for its assertion that this aircraft was first sold in 1969 is a copy of a purchase order which has no evidentiary value because there has been no proper foundation laid to authenticate it. *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment.") The plaintiffs have not, however, made any attempt to controvert that assertion and in fact have failed to file any statement of facts setting forth those facts which establish a genuine issue of material fact precluding summary judgment, as required by Local Rule 11(*l*)(1).

3. The portion of the plaintiffs' briefs related to their contention that A.R.S. § 12–551 violates the U.S. Constitution is less than two pages long. Normally the Court would not prepare a published opinion on such an inadequately presented issue; in this case, however, the constitutionality of A.R.S. § 12–551 has been raised in previous cases before this Court and the Court believes the time has come to lay the issue to rest.

4. Ariz. Const. art. 18, § 6 states: "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

2, § 13,[5] and art. 2, § 4 [6] of the Arizona Constitution are meritless inasmuch as they have been specifically rejected by the Arizona Supreme Court in its determination that the statute passes state constitutional muster. *Bryant v. Continental Conveyor & Equipment Co., Inc.,* 156 Ariz. 193, 197, 751 P.2d 509, 513 (1988) (action alleging, *inter alia,* strict products liability wherein the court held that "(t)he 12 year statute of limitations applicable to products liability actions (A.R.S. § 12–551) is a valid statute under the Arizona Constitution.") Notwithstanding the plaintiffs' apparent belief that this Court has the authority to overrule a decision of the Arizona Supreme Court on a matter of state law, a belief for which they advance not a single citation to legal authority, this Court is bound by the Arizona Supreme Court's construction and application of the Arizona Constitution to Arizona law. *Reding v. Texaco, Inc.,* 598 F.2d 513, 519 (9th Cir.1979); *accord, Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 904 (9th Cir.1983) ("We are, of course, bound to follow an interpretation of state law by the highest state court."); *Stolberg v. Members of the Bd. of Trustees for the State Colleges of the State of Connecticut,* 541 F.2d 890, 894 (2nd Cir.1976), *cert. denied,* 429 U.S. 897, 97 S.Ct. 260, 50 L.Ed.2d 181 (1976) ("It is basic that a state court's construction of its own constitution is definitive and binding upon the federal court.")

The plaintiffs' arguments that A.R.S. § 12–551 violates the equal protection and due process clauses of the fourteenth amendment of the United States Constitution, while not foreclosed by the Arizona Supreme Court's decision in *Bryant,* are also unavailing. The plaintiffs cite to no federal court decisions upholding a federal constitutional challenge to such a statute of repose and this Court is aware of none; indeed, federal courts have uniformly found such statutes not to violate the four-teenth amendment. *See, e.g., Eddings v. Volkswagenwerk, A.G.,* 835 F.2d 1369 (11th Cir.), *cert. denied,* 488 U.S. 822, 109 S.Ct. 68, 102 L.Ed.2d 44 (1988) (upholding Florida's 12–year products liability statute of repose against a 14th amendment due process and equal protection challenge); *Bowman v. Niagara Machine and Tool Works, Inc.,* 832 F.2d 1052 (7th Cir.1987) (upholding the constitutionality of Indiana's 10 year products liability statute of repose against a 14th amendment equal protection challenge); *Mathis v. Eli Lilly and Co.,* 719 F.2d 134 (6th Cir.1983) (upholding the constitutionality of Tennessee's 10–year limitation period for product liability actions against a fourteenth amendment due process challenge); *Wayne v. Tennessee Valley Authority,* 730 F.2d 392 (5th Cir. 1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985) (same). None of the arguments advanced by the plaintiffs, which reiterate those raised by the dissent in the *Bryant* case, suggest to this Court that a different result is mandated in this case.

 The plaintiffs' initial equal protection argument, which is that there is no evidence that A.R.S. § 12–551 is a regulation serving a compelling state interest, fails because such a strict scrutiny analysis is applicable only if the challenged statute burdens a suspect class or infringes upon a fundamental right, and A.R.S. § 12–551 does neither. The plaintiffs have not identified a suspect classification; their only support for a heightened level of scrutiny is their belief that art. 18, § 6 of the Arizona Constitution guarantees a fundamental right to recover damages for personal injuries. Such a belief is, however, foreclosed by the Arizona Supreme Court's holding that A.R.S. § 12–551 does not abrogate any substantive right of action protected by art. 18, § 6. *Bryant,* 156 Ariz. at 195, 751 P.2d at 511. The right of access to the courts, the only other fundamental

---

**5.** Ariz. Const. art. 2, § 13 states: "No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

**6.** Ariz. Const. art. 2 § 4 states: "No person shall be deprived of life, liberty, or property without due process of law."

right mentioned by the plaintiffs, although in the context of their due process argument, has been found not to subject products liability statutes of repose to a strict scrutiny analysis when faced with an equal protection challenge because such statutes only prevent the accrual of specific causes of action, not access to the judicial process. *Bowman v. Niagara Machine and Tool Works, Inc.,* 832 F.2d at 1054–55; *Bryant,* 156 Ariz. at 196, 751 P.2d at 512.

 Social and economic legislation like A.R.S. § 12–551 that does not employ suspect classifications or impinge on fundamental rights must be upheld against an equal protection challenge when the legislative means are rationally related to a legitimate governmental purpose; furthermore, such legislation carries with it a presumption of rationality that can be overcome only by a clear showing of arbitrariness and irrationality. *Hodel v. Indiana,* 452 U.S. 314, 331–32, 101 S.Ct. 2376, 2386–87, 69 L.Ed.2d 40 (1981). The plaintiffs have failed to make such a showing. Although the plaintiffs would have the Court reject the conclusion of the Arizona Supreme Court in *Bryant* that the statute is reasonably related to the state legislature's purpose of controlling a perceived products liability crisis, 156 Ariz. at 197, 751 P.2d at 513, the Court declines to do so. In determining whether a state statute rationally furthers a legitimate governmental goal, the Court may consider either the actual basis on which the legislature acted or any hypothetical basis on which it might have acted, *Roley v. Pierce County Fire Protection Dist. No. 4,* 869 F.2d 491, 493 (9th Cir.1989), and must uphold it if any legitimate purpose is served. *Bunyan v. Camacho,* 770 F.2d 773, 774 (9th Cir.1985), *cert. denied,* 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986). A permissible legislative purpose is evident in A.R.S. § 12–551 in that the Arizona legislature "could have reasonably determined that, by protecting manufacturers from liability for products sold 12 years before an injury, the perceived crisis of rising products liability in-

surance rates would be alleviated and new product development would be promoted." *Bryant,* 156 Ariz. at 197, 751 P.2d at 513. Courts upholding the constitutionality of other products liability repose statutes have recognized that similar legislative objectives satisfy the rational basis test. *See, e.g., Bowman v. Niagara Machine and Tool Works, Inc.,* 832 F.2d at 1055 n. 4 (stating that the reduction of costs to product manufacturers doing business in Indiana is a legitimate state purpose); *Pitts v. Unarco Industries, Inc.,* 712 F.2d 276, 280 (7th Cir.), *cert. denied,* 464 U.S. 1003, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983) (stating that lessening the risk of loss manufacturers face when they place a product in the stream of commerce is a legitimate legislative purpose). A rational relationship exists between A.R.S. § 12–551 and the legislature's objectives even if those objectives will not necessarily be achieved through the means provided. *Mathis v. Eli Lilly and Co.,* 719 F.2d at 139.

 The plaintiffs' contention that A.R.S. § 12–551 is violative of the due process protections of the 14th amendment also fails. Their argument that the statute deprives them of a fundamental property right by banning the bringing of a strict liability in tort action before the claim even accrues, an argument unsupported by any citation to legal authority,[7] is flawed because legislatures do not violate federal due process rights by creating statutes of repose that prevent causes of action from accruing. Due process is not implicated by such statutes because there is no tort cause of action, and therefore no vested property right upon which to base a fourteenth amendment due process challenge, until an injury actually occurs. *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy,* 740 F.2d 1362, 1367 (6th Cir.1984); *Mathis v. Eli Lilly and Co.,* 719 F.2d at 141; *Pitts v. Unarco Industries, Inc.,* 712 F.2d at 279; *see also Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 88 n. 32, 98 S.Ct.

---

**7.** Not even the dissenting opinion in the *Bryant* decision, which forms the basis of the plaintiffs' opposition to the pending motions, concluded

that A.R.S. § 12–551 violated the due process clauses of either the state or federal constitutions.

2620, 2638 n. 32, 57 L.Ed.2d 595 (1978) (stating that no property interest exists in any rule of common law and that the Constitution does not forbid the abolition of rights recognized by the common law in order to attain a permissible legislative objective).

 The plaintiffs, who have only a reasonable right of access to the courts, are not denied due process of law by A.R.S. § 12–551 even if they have a property interest in court access that is restricted by the statute. Since A.R.S. § 12–551 has an economic purpose, limitations created by it must be upheld against a due process challenge unless they are irrational and arbitrary, *Wayne v. Tennessee Valley Authority,* 730 F.2d at 403; *Mathis v. Eli Lilly & Co.,* 719 F.2d at 139, and numerous cases have determined that statutes limiting the time in which actions may be brought are a rational, non-arbitrary means of achieving economic ends. *Wayne,* 730 F.2d at 404. Statutes of repose such as A.R.S. § 12–551, which do no more than preclude the assertion of one possible theory of recovery at trial, do not violate the due process clause because they do not deny litigants access to the judicial process. *Bowman v. Niagara Machine and Tool Works, Inc.,* 832 F.2d at 1055; *Bryant,* 156 Ariz. at 197, 751 P.2d at 513. Therefore,

IT IS ORDERED that defendant Beech Aircraft Corporation's Motions for Partial Summary Judgment on Plaintiff's Claim of Strict Products Liability (doc. # 9 in CIV 90–1222 and doc. # 10 in CIV 90–1223) are granted and that Count One of the complaint in CIV 90–1222 and Count Two of the complaint in CIV 90–1223 are dismissed.