James E. McINTOSH and Sondra McIntosh, Appellants–Plaintiffs,

v.

MELROE COMPANY, a Division of Clark Equipment Co., Inc., A Delaware Corporation and Ruxer Farms, Inc., an Indiana Corporation Appellees–Defendants.

No. 71A03–9609–CV–320.

Court of Appeals of Indiana.

July 17, 1997.

John F. Vargo, Roger L. Pardieck, Janet O. Vargo, Pardieck, Gill & Vargo, Indianapolis, for Appellants–Plaintiffs.

Robert G. Zeigler, Zeigler Carter Cohen & Koch, Indianapolis, for Appellees–Defendants.

Edgar W. Bayliff, P. Gregory Cross, Thomas C. Doehrman, Robert L. Justice, Henry J. Price,Mary Beth Ramey, Indiana Trial Lawyers Association, Indianapolis, for Amicus Curiae.

Lloyd H. Milliken, Jr., Todd J. Kaiser, Nelson D. Alexander, T. Joseph Wendt, Locke Reynolds Boyd & Weisell, Indianapolis, Hugh F. Young, Jr., Product Liability Advisory Council, Inc., Reston, VA, John D. Nell, Julie L. Michaelis, Joseph R. Alberts, Wooden & McLaughlin, Indianapolis, for Amicus Curiae.

## OPINION

GARRARD, Judge.

James McIntosh ("McIntosh") appeals the trial court's grant of summary judgment in favor of the Melroe Company ("Melroe"), claiming that the trial court erred by ruling that the ten-year statute of repose[1] under the Indiana Product Liability Act ("Act") does not violate Article I, § 12 and § 23 of the Indiana Constitution.

We.affirm.

## FACTS

This action arose out of injuries McIntosh suffered in an accident involving a Clark Bobcat skid steer loader on June 9, 1993. McIntosh filed suit against Melroe on June 8, 1995, claiming that his injuries were caused by the defective nature of the skid steer loader manufactured by Melroe. After answering McIntosh's complaint, Melroe filed a motion for summary judgment on October 18, 1995. In this motion for summary judgment, Melroe argued that McIntosh's action was time-barred by the ten-year statute of

1. IND.CODE § 33–1–1.5–5(b). This statute provides:

    (b) Except as provided in section 5.5 of this chapter, a product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer. However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery,

repose under the Act because the skid steer loader had been delivered to the initial user on September 9, 1980, almost thirteen years before the accident. McIntosh responded to this motion, arguing that the statute of repose violated Article I, § 12 and § 23 of the Indiana Constitution and was, therefore, inapplicable. The trial court did not agree with McIntosh and granted summary judgment in favor of Melroe on May 14, 1996. McIntosh appeals this decision.

## ISSUES

McIntosh presents two issues on appeal which we restate as:

I. Whether the ten-year statute of repose violates Article I, § 12 of the Indiana Constitution.

II. Whether the ten-year statute of repose violates Article I, § 23 of the Indiana Constitution.

## DISCUSSION

When reviewing a trial court's grant of summary judgment, we stand in the same shoes as the trial court. *DeBaets v. National Educ. Association—South Bend,* 657 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.* Only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law will summary judgment be appropriate. IND.TRIAL RULE 56(C). Because the facts are undisputed in this case, we need only examine the trial court's conclusions that the statute of repose does not run afoul of Article I, § 12 and § 23 of the Indiana Constitution.

### I. Article I, § 12[2]

McIntosh claims that the statue of repose violates Section 12 because it denies him a remedy by due course of law. He argues

the action may be commenced any time within two (2) years after the cause of action accrues.

2. Article I, § 12 provides: "All courts shall be open; and every person, for injury done to him in his person, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

that the right to recovery for injuries in tort has existed in common law for centuries and that the statute of repose impermissibly strips him of this right. To further support his claim that the statute of repose violates Section 12, McIntosh relies on extensive historical analysis of the 1850 Constitutional Convention to prove that the framers of the Indiana Constitution did not intend the General Assembly to have the power to enact statutes such as the statute of repose. Melroe counters that our supreme court has already decided that the statute of repose does not violate Section 12 in *Dague v. Piper Aircraft Corp.*, 275 Ind. 520, 418 N.E.2d 207 (1981) and, even if we find *Dague* not to be controlling, McIntosh's historical analysis is flawed and we must defer to the General Assembly. McIntosh counters that we should not follow *Dague* because it was not based on the "remedy by due course of law" language of Section 12 at issue here and is, therefore, distinguishable. Moreover, McIntosh argues that *Dague* is flawed and should not be followed because our supreme court misinterpreted the precedent it relied upon to reach its decision and failed to consider the historical factors he claims prove that the framers did not intend to grant the General Assembly the power to limit the common law right to recover for injuries in tort. We decline McIntosh's invitation to disregard *Dague* and find it to be controlling.

We note at the outset that "[a]n act of the General Assembly is clothed with a strong presumption of constitutionality." *Id.* 418 N.E.2d at 213. "All reasonable doubts must be resolved in favor of constitutionality, and neither the parties nor this Court can merely question the wisdom or desirability of legislation." *Id.* In *Dague*, like the present case, the plaintiff was barred from recovering for her product liability claims by the ten-year statute of repose. The plaintiff in *Dague*, like McIntosh, claimed that the statute of repose violated Article I, § 12 of the Indiana Constitution. While McIntosh is

correct that the *Dague* challenge was focused on the language "all courts shall be open," this focus does not alter our decision because our supreme court held that the statute of repose did not "contravene article one, section 12 of the Indiana Constitution." *Id.* Our supreme court did not limit its holding to the "open courts" portion of Section 12, but instead found that the statute of repose did not violate the section as a whole. We find *Dague* controlling and, therefore, hold that the trial court did not err by ruling that the statute of repose does not violate Section 12.

## II. Article I, § 23 [3]

McIntosh next claims that the statute of repose violates Section 23 because it grants a special privilege and imposes a special burden on two sets of classes of individuals. First, McIntosh argues that the statute of repose grants the manufacturers of durable goods immunity not given to all other manufacturers. Though he admits that the statute facially applies to all manufacturers, McIntosh argues that, in reality, the statute only applies to the manufacturers of durable goods because only durable goods remain in use long enough to satisfy the ten-year statute of repose.[4] McIntosh claims that this classification violates Section 23 because it denies the privilege of immunity to non-durable goods manufacturers. The second set of classes McIntosh claims the statute of repose creates consists of tort victims injured by products less than ten years old and tort victims injured by products more than ten years old. He argues that the statute places a burden on the tort victims injured by products more than ten years old and that there are no inherent characteristics in these tort victims that justify this disparate treatment.

In contrast, Melroe argues that manufacturers are not disparately treated under the statute of repose and, alternatively, any disparate treatment is reasonably related to inherent characteristics of the manufacturers and equally applicable to all. Melroe also

3. Article I, § 23 provides: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

4. We note that McIntosh does not argue that only durable goods can exist long enough to take advantage of the statute of repose, but argues instead that in *most* cases non-durable goods are consumed long before ten years have expired.

argues that we should not look for an inherent characteristic in the tort victims, but should instead look to a distinguishing inherent characteristic in the *product* causing the injury, i.e., its age. Because the age of the product is reasonably related to the statute of repose's grant of immunity to products more than ten years old and equally applicable to all tort victims, Melroe contends that the statute of repose does not violate Section 23.

In *Collins v. Day*, 644 N.E.2d 72 (Ind.1994), our supreme court enunciated the test for challenges under Article I, § 23 of the Indiana Constitution. The *Collins* court held that:

> Article 1, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

*Id.* at 80. In our review of this statute of repose, we must presume it to be constitutional and place the burden on McIntosh " 'to negative every conceivable basis which might have supported the classification.' " *Id.* (quoting *Johnson v. St. Vincent Hosp.*, 273 Ind. 374, 392, 404 N.E.2d 585, 597 (1980)). As long as the distinctions drawn by the General Assembly are not arbitrary or manifestly unreasonable, we may not substitute our judgment for that of the legislature. *Id.*

Before the two-pronged analysis under *Collins* becomes applicable, the statute must grant unequal privileges or immunities to differing classes of persons. McIntosh's claim that the statute of repose creates differing classes of manufacturers does not satisfy this threshold requirement. As McIntosh admits, the statute applies equally to all manufacturers on its face. McIntosh claims that despite this facial equality, the statute,

in application, only protects manufacturers of durable goods. Notwithstanding this argument, the fact remains that if a non-durable good survives to be consumed or used more than ten years after it was first delivered, the statute of repose would apply to bar any action arising out of injuries caused by that product. We hold that the statute of repose does not grant unequal privileges or immunities to differing classes of manufacturers and, therefore, we need not apply the *Collins* test.

We do agree with McIntosh, however, that the statute of repose treats classes of tort victims differently. The first class consists of tort victims injured by products less than ten years old while the second class consists of tort victims injured by products more than ten years old. The distinguishing feature between these two classes is the age of the product which injures the tort victims. The distinction between the classes was made to reduce the risk of loss caused by liability on older products and to prevent stale claims made difficult to defend by the natural progression of time. *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276, 281 (7th Cir. 1983), *cert. denied*, 464 U.S. 1003, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983). We have also stated that "[t]he Statute reflects a legislative appraisal that a causal relationship existed between the time period for prosecuting a product liability action and the ever-accelerating insurance costs for product liability protection." *Scalf v. Berkel, Inc.*, 448 N.E.2d 1201, 1204 (Ind.Ct.App.1983).

Turning to the first prong of the *Collins* test, we must determine whether the disparate treatment is "reasonably related to inherent characteristics which distinguish the unequally treated classes." *Collins*, 644 N.E.2d at 80. The inherent characteristic which distinguishes the two classes of tort victims is the age of the product. Under the statute of repose, the classes are treated disparately because the General Assembly determined that older products, in this case those more than ten years old, were causing skyrocketing insurance costs, increased manufacturers' risk of loss, and made defending product liability suits increasingly difficult and costly. *See Scalf, supra; Pitts, supra.* This disparate treatment is reasonably relat-

ed to the inherent characteristic of the product's age because it is the age of the product which creates the costs and dangers the General Assembly sought to avoid. The statute of repose, therefore, satisfies the first prong of the *Collins* test.

To satisfy the second prong of *Collins,* "the preferential treatment must be uniformly applicable and equally available to all persons similarly situated." *Collins,* 644 N.E.2d at 80. McIntosh does not claim, nor do we find, that the statute does not apply uniformly and equally to all the persons in both classes of tort victims. Tort victims injured by products more than ten years old are uniformly barred from bringing a product liability action by the statute of repose and those tort victims injured by products less than ten years old are uniformly able to bring a product liability action within the statute of limitation. We, therefore, hold that the statute of repose satisfies the second prong of *Collins.*

Because the statute of repose satisfies both prongs of the *Collins* test, we hold that the product liability statute of repose does not violate Article I, § 23 of the Indiana Constitution. The trial court was, therefore, correct in ruling that the statute of repose does not violate Article I, § 12 and § 23 of the Indiana Constitution and correctly granted Melroe's motion for summary judgment.

Affirmed.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs and concurs in result with separate opinion.

SULLIVAN, Judge, concurring and concurring in result.

I fully concur with respect to Part II of the majority opinion. I concur in result as to Part I of that opinion. See *Prior v. GTE North Incorporated,* 681 N.E.2d 768 (Ind.Ct. App.1997) (Sullivan J., concurring and Kirsch J., dissenting with opinion).